PUBLICKER COMMERCIAL ALCOHOL COMPANY *v.* RALPH A. HARGER, DEPUTY SHERIFF, ET ALS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 7—decided February 26, 1943.

*David Levy*, with whom, on the brief, was *Solomon Elsner*, for the appellant (plaintiff).

*Thomas J. Conroy*, assistant attorney general, with whom, on the brief, was *Francis A. Pallotti*, attorney general, for the appellee (named defendant).

MALTBIE, C. J. The finding, with an addition to which the plaintiff is entitled, states facts, substantially undisputed, sufficient for the decision of the case. The plaintiff is engaged in the business of selling alcohol. It requires payment in advance of the entire purchase price of all alcohols it sells. For over two years it has been doing business with the Standard Spirits Corporation under an arrangement made for the purpose of complying with the requirement of payment in advance, in accordance with which the Standard Corporation left signed checks at the office of the plaintiff, payable to it but with the date and amount left blank, to be filled in by it when purchases were made. On June 30, 1941, and July 1, 1941, the Standard Corporation made two purchases, each of two drums of alcohol, definitely identified by their serial numbers, with directions to ship them to the Atlas Distillery Products Company at its place of business in Hartford. The plaintiff filled out two of the checks the Standard Corporation had left with it for the purchase price, indorsed and deposited them.

It shipped the drums of alcohol to the Atlas Company at Hartford and they were received by it. The Atlas Company, on receipt of the two drums first purchased, dumped them for bottling, labeling and casing. The defendant Harger, as deputy sheriff, attached the contents of one drum so dumped and later attached the two drums of alcohol shipped under the second purchase. The checks deposited by the plaintiff were dishonored for insufficiency of funds when they reached the bank on which they were drawn. The attachment was made upon a tax warrant for unpaid taxes due from the Standard Corporation to the state for the month of May, 1941, and required to be paid on or before June 20, 1941, with the addition of a penalty for a failure to make payment on or before that day. General Statutes, Cum. Sup. 1939, § 986e (d), (f).

The situation does not fall within rule 4 of § 4639 of the General Statutes, a part of our Sales Act, for the reason that that rule applies only as regards a contract to sell unascertained or future goods by description, whereas the sale here in question was of goods definitely identified by the serial numbers of the drums. In the absence of a special agreement to the contrary, a check is not payment and the debt for which it is given is not discharged until the check is honored or paid. *Alexiou* v. *Bridgeport-People's Savings Bank*, 110 Conn. 397, 401, 148 Atl. 374; *Bassett* v. *Merchants Trust Co.*, 118 Conn. 586, 593, 173 Atl. 777; *Reade* v. *Indemnity Ins. Co.*, 121 Conn. 309, 313, 184 Atl. 646. The trial court has not found that the checks involved in this case were accepted as payment and this is not implied as a matter of law from the fact that they were supplied in blank to the plaintiff to be filled in by it when a purchase was made, under an arrangement designed to meet its requirement that payment for alcohol sold be made in advance. The situation

is not different from that where sales are made only for cash, but goods are delivered to a purchaser upon receipt of a check. So far as we have been able to ascertain, the decisions of the courts are unanimous to the effect that when a buyer makes a purchase for cash but gives a check for the purchase price, the check constitutes merely a conditional payment which becomes absolute only when it is honored, and until this occurs title does not pass to the purchaser. *Standard Inv. Co.* v. *Snow Hills,* 78 Fed. (2d) 33, 36; *Morehouse* v. *Keyport Auto Sales Co., Inc.,* 118 N. J. Eq. 368, 371, 179 Atl. 279; *Crescent Chevrolet Co.* v. *Lewis,* 230 Iowa 1074, 300 N. W. 260; *Gustafson* v. *Equitable Loan Assn.,* 186 Minn. 236, 239, 243 N. W. 106; *Clark* v. *Hamilton Diamond Co.,* 209 Cal. 1, 3, 284 Pac. 915; *Harbert* v. *Fort Smith Canning Co.,* 134 Kan. 240, 242, 5 Pac. (2d) 849; notes, 31 A. L. R. 578, 54 A. L. R. 526. It is true that Professor Williston takes vigorous exception to the rule established in these decisions. 1 Williston, Sales (2d Ed.), § 346a. However, their substantial unanimity and the failure of the Uniform Sales Act to state any other rule indicate a general acceptance and approval of the conclusion to which the courts have come. In *People's State Bank* v. *Brown,* 80 Kan. 520, 522, 103 Pac. 102, the logic of Professor Williston's position is admitted and the basis of the rule established in the decision is found in the "practical necessity" of avoiding interference with a ready flow of trade which might otherwise occur. Title to the alcohol had not passed to the Standard Corporation at the time of the attachment; the obligation for which the tax warrant was issued was not an indebtedness incurred in reliance on any apparent ownership of the alcohol by the Standard Corporation; nor were there any circumstances which equitably should subordinate the right of the plaintiff to recover its prop-

erty to the claim of the state to obtain payment of taxes due from the Standard Corporation. The attaching officer had no right to retain the goods. *Travelers Ins. Co.* v. *Mayo*, 103 Conn. 341, 348, 130 Atl. 379; *Ciezynski* v. *New Britain Transportation Co.*, 121 Conn. 36, 42, 182 Atl. 661.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.

In this opinion BROWN, JENNINGS and DICKENSON, Js., concurred; ELLS, J., dissented.