LOUIS SPERANDEO v. THE AETNA CASUALTY AND
SURETY COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 6—decided November 30, 1944.

*Benjamin M. Chapnick,* with whom was *Louis Sperandeo,* for the plaintiff (appellant).

*William F. Geenty,* with whom was *Joseph D. DiSesa,* for the appellee (defendant Henze).

DICKENSON, J. This action evolved into an interpleader suit in which the plaintiff and the defendant Henze filed opposing claims to a sum of money in the possession of the named defendant. The question before us is whether the trial court erred in its conclusion that, after a draft was given by the defendant insurance company in settlement of a negligence action

against its insured to the plaintiff and his client as payees, the insurance company was subject to foreign attachment by the client's creditor until the draft was honored. Other claims made by the plaintiff are that the agent of the insurance company upon whom service of garnishment process was made was not a proper person to receive such service and that the plaintiff had a lien for services upon funds represented by the draft. The trial court stated in the finding that at no time during trial were these claims made, nor does the original complaint, or the statements of claims on interpleader, present them. While the plaintiff has filed an application to rectify the appeal in this court, the allegations material to his claim are denied in the answer thereto, and he has filed no deposition in accordance with the provision of § 365 of the Connecticut Practice Book. We, therefore, do not consider these claims. Practice Book, § 363; Conn. App. Proc., §§ 43, 44; *Hooker* v. *Hooker*, 130 Conn. 41, 46, 32 Atl. (2d) 68.

The facts necessary for an understanding of the remaining issue are these: The adjuster of the defendant insurance company at New Haven, upon receipt of a release of all claims against its insured, gave the plaintiff a draft for $300 upon a Hartford bank payable to "Atty. Louis Sperandeo and Edward McPartland" (the plaintiff's client), bearing the notation "Full and final settlement," and signed "Clayton S. Brown, Adjuster," with a further notation that the Aetna Casualty & Surety Company was the "Check Paying Co." The plaintiff and his client indorsed the check, and the plaintiff cashed it at his bank, gave part of the money to his client and retained the balance for his services and expenses. The interpleading defendant Henze served garnishment process upon the defendant insurance company's adjuster for a claim against the

plaintiff's client on the same day the draft was cashed and before it had been honored by the drawee bank. The draft was returned to the plaintiff's bank with notice attached stating "payment stopped."

In *Bassett* v. *Merchants Trust Co.*, 118 Conn. 586, 593, 173 Atl. 777, we made the statement that it was a familiar principle that, where a check or draft is given by a debtor to a creditor and no special agreement to the contrary is shown, the debt is not discharged until the check or draft is honored or paid. We reiterated this statement in *Reade* v. *Indemnity Ins. Co.*, 121 Conn. 309, 313, 184 Atl. 646, and in *Publicker Commercial Alcohol Co.* v. *Harger*, 129 Conn. 655, 657, 31 Atl. (2d) 27. The plaintiff contends that the draft was given in full settlement of his claim under a "special agreement" which carried an immediate transfer of the funds it represented and that there remained nothing for the defendant Henze to attach. The trial court held there was no special agreement that the draft was in discharge of the debt. This finding is attacked upon the ground that the parties to the transaction testified that it was understood and agreed that the giving of the draft constituted payment. The court could well have found that the parties assumed that the draft would be honored and based their agreement on this and that there was no special agreement that the draft would be treated as payment unless honored. In *Bassett* v. *Merchants Trust Co.*, supra, we pointed out that one executory contract did not extinguish another and that nothing may be considered payment in fact but that which is in truth such, unless something else is agreed to be received in its place. *Reade* v. *Indemnity Ins. Co.*, supra, was a similar case factually to the instant one. In that case there was an exchange of releases and a draft in payment in a negligence action. We stated

(p. 314) that we regarded the giving of the releases as the result of the assumption that the draft would ultimately be paid rather than as its acceptance in absolute payment. In *Publicker Commercial Alcohol Co. v. Harger,* supra, where checks signed in blank were left with the plaintiff to be filled out for advance payment of goods it shipped on order and these checks were returned for insufficient funds, we held that there was no such special agreement as would constitute payment to pass title to the goods shipped.

The plaintiff makes the further claim that he was a holder in due course after indorsement of his client. As the plaintiff became holder of the draft only upon repaying to the bank the money it had originally paid out on the draft, and this was after it had been dishonored, he was not a holder in due course. General Statutes, § 4369. He has no rights which can prevail over the attachment.

There is no error.

In this opinion the other judges concurred.