## DAINE v. PRICE et al.
### No. 726.

Municipal Court of Appeals for the
District of Columbia.

Jan. 14, 1949.

Rehearing Denied Feb. 11, 1949.

Josiah Lyman, of Washington, D. C. (Kathryn M. Schwarz, of Washington, D. C., on the brief), for appellant.

Dan Piver, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiffs Price sued in replevin to recover an electric delicatessen case and computing scale having a total value of $1,085 from defendant's store. They based their claim upon a conditional sales contract signed by defendant. He defended upon the ground that he had previously purchased the chattels from plaintiffs and had never transferred title back to them and therefore there was no basis for the replevin suit. Judgment was given against defendant by the trial court and he prosecutes this appeal.

It is not disputed that the articles were sold by plaintiffs by an oral agreement under which defendant gave three checks. The first, for $600, was dated on the date of the sale and was cashed by plaintiffs. The others, for $400 and $85, respectively, were postdated. Delivery of the chattels

was made to defendant at or shortly after delivery of the checks. Subsequently the $400 postdated check was dishonored by defendant's bank. One of plaintiffs thereupon called upon defendant, who executed a promissory note, a certificate of installation, and the conditional sales contract which is in dispute.

The conditional sales contract, in the usual form of such documents, was phrased as though it represented the first contract between the parties. It was dated about seven weeks after the original transaction. It treated the $600 already paid as "cash with order" and provided for the payment of the balance, together with a finance charge, in 12 monthly installments. Under it title to the chattels would "remain" in the seller (Price) until payment in full was made. The certificate of installation recited that the chattels had been delivered and installed in defendant's store in accordance with the conditional sales contract.

Although one of plaintiffs testified regarding the transaction, he gave no details of the conversation leading up to the signing of the conditional sales contract. Defendant said he had signed without having read the document or having it read to him and after plaintiff Price had told him he wanted the paper so that he could obtain money on it from his bank. He said plaintiff had added that the document would make it possible for defendant to pay in small monthly installments. Defendant made none of the monthly payments called for by the promissory note and the conditional sales contract and about four months later plaintiffs began this action and had the chattels seized.

█ Defendant urges that the conditional sales contract was invalid and ineffective because plaintiffs did not have title or any property in the chattels at the time it was executed and that they could not "retain"

a title they did not have. He also charges that the conditional sales contract was secured fraudulently and without consideration. While the trial judge made only a general finding in favor of plaintiffs, it must be presumed that he considered the question of fraud and found against defendant on that score. There is nothing in the record which would support a contrary finding,[1] and on this issue the decision of the lower court must stand. Defendant's other points merit further consideration.

█ Examining the conditions existing when the chattels were delivered, we conclude that property in the chattels passed at that time to defendant. Nothing remained to be done but the completion of payment. The Uniform Sales Act, in force in the District of Columbia, provides that in a sale of specific goods property is transferred to the buyer at such times as the parties to the contract intend.[2] It provides further that unless a contrary intention appears in an unconditional contract to sell specific goods in a deliverable state property passes to the buyer when the contract is made, and it is immaterial whether time of payment or delivery be postponed.[3] Here not only does no contrary intention appear but all the facts indicate that the parties intended a completed sale. The chattels were delivered. In the case of a so-called cash transaction in which the passage of title depends upon payment, a check is generally considered conditional payment only and does not operate to effect payment unless the check is itself paid.[4] But it is clear that this was not a "cash" transaction. Although one of the checks was dated as of the date of the sale and was cashed immediately, the other two were postdated. Postdated checks are considered as negotiable instruments similar to bills of exchange payable at a future date,[5] and the purpose of a postdated check is to

[1] Zier v. Eastern Acceptance Corporation, D.C.Mun.App., 61 A.2d 106.

[2] Code 1940, 28—1202; Secor v. Charles H. Tompkins Co., D.C.Mun.App., 45 A.2d 117; Barde Steel Products Corp. v. Commissioner of Internal Revenue, 2 Cir., 40 F.2d 412, certiorari denied Barde Steel Products Corp. v. Burnet, 282 U.S. 853, 51 S.Ct. 30, 75 L.Ed. 756.

[3] Code 1940, 28—1203. See Uniform Laws Annotated, Sales §§ 18 and 19 and cases there cited; 2 Williston, Sales § 260 et seq.

[4] Standard Inv. Co. v. Town of Snow Hill, N. C., 4 Cir., 78 F.2d 33; see also Publicker Commercial Alcohol Co. v. Harger, 129 Conn. 655, 31 A.2d 27.

[5] State v. Langer, 46 N.D. 462, 177 N. W. 408.

obtain an extension of credit.[6] It follows that under the Sales Act property in these chattels passed to defendant when the first sale was made, several weeks before the signing of the conditional sales contract.

It also follows that the plaintiffs retained no lien on the chattels when they were sold to defendant. A seller's lien is predicated upon possession and is lost when the buyer lawfully obtains possession of the goods.[7]

The effectiveness of the conditional sales contract must be considered in light of the status of the chattels at the time the contract was made. Defendant's contention that it was ineffective because it lacked consideration is not well founded. The antecedent debt could furnish valid consideration for a security transaction of this nature.[8] Regardless of the question of consideration, however, it remains true that there is no evidence that property in the chattels was ever transferred back to plaintiffs prior to the making of the conditional sales contract. Possession was not redelivered to plaintiffs nor was there any return of the consideration previously paid. Plaintiffs urge that the parties merely replaced the original sales contract with the conditional sales contract in which the sellers reserved title to themselves. But, as already pointed out, the first transaction was a completed sale at the time of the signing of the conditional sales contract, and there is nothing in the record to indicate that the parties rescinded the first sale. Under that part of the statute of frauds which is incorporated in the Uniform Sales Act,[9] a contract to sell or a sale of goods of this character is not enforceable by action unless the buyer accepts part of the goods and actually receives the same or makes part-payment therefor or unless a note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent.

The record is entirely barren of any evidence which would indicate that the parties intended to accomplish more than was contained in the terms of the written conditional sales contract. We have no doubt that the parties could have retransferred title to plaintiffs and thus have accomplished an effective security transaction. However, the conditional sales contract did not do so. There are no words of grant or conveyance from defendant to plaintiffs. Instead it purported to represent only a sale from plaintiffs to defendant, with retention of title in plaintiffs. By it plaintiffs purported to sell something which they did not own. The plaintiff who testified did not say that the question of transferring the property from defendant was discussed, and defendant's testimony negatived any such idea. We find no authority and plaintiffs have given us none for holding that personal property may be sold under a conditional sales contract when the purported seller has no title to the property and when it is totally owned by the buyer and when the only interest of the seller in the property is that he has not been fully paid the consideration for a previous sale. The sellers had and probably still have remedies available for collecting the balance due on the sale of the chattels. It is possible that the transaction could be construed as a chattel mortgage since a chattel mortgage and a conditional sale are the same in many respects although different in form.[10] We have no occasion to pass upon that question here since it is not raised. In any event since plaintiffs have failed to show a retransfer of property in the chattels to themselves subsequent to the first sale replevin was not available to them. It is fundamental that the gist of the action of replevin is plaintiff's right to immediate possession and defendant's wrongful taking or wrongful or unlawful detention.[11]

Reversed.

---

[6] Lovell v. Eaton, 99 Vt. 255, 133 A. 742.

[7] Code 1940, 28—1405; Poor v. American Locomotive Co., 7 Cir., 67 F.2d 626.

[8] 36 Am.Jur., Mortgages § 106; 10 Am. Jur., Chattel Mortgages § 49.

[9] Code 1940, 28—1104.

[10] 2 Williston, Sales § 337.

[11] 54 C.J., Replevin § 4; Code 1940, 16—1801.