[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 7741
On March 8, 1994, the plaintiff, Maurice Hansen d/b/a Hansen Movers (Hansen) filed a two count amended complaint against the defendant, New Haven Legal Assistance Association, Inc. (NHLAA). Hansen alleges that his moving company provided moving services for NHLAA in December, 1985, that NHLAA made a payment of $4,000.00 by check for the services, but still owes $2,684.50.
Before the court at this time is the defendant's motion for summary judgment on the ground that Hansen's action is barred by the six-year statute of limitations, General Statutes § 52-576. As required by Practice Book § 380, NHLAA has filed a memorandum in support of its motion for summary judgment, and Hansen has timely filed a memorandum in opposition.
The purpose of summary judgment is to resolve "litigation when pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "A `material fact' is simply a fact which will make a difference in the result of the case. . . ." Yanow v. Teal Industries, Inc., 178 Conn. 262, 268,422 A.2d 311 (1979). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." (Citations omitted.) Haesche v. Kissner, 229 Conn. 213, 217, ___ ___ A.2d (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id.
There is no genuine issue as to any material fact. The plaintiff performed certain services for the defendant in December 1985, and the plaintiff's charge for these services was $6,684.50. On February 27, 1987 the defendant prepared and mailed a check payable to the plaintiff in the amount of $4,000.00. This check was received by the plaintiff on March 6, 1987, deposited by him, and it cleared on March 8, 1987. This suit was instituted on March 8, 1993.
The parties agree that the part payment in 1987 restarted the statute of limitations. However, they are in dispute as to the CT Page 7742 precise date the statute started to run. The plaintiff claims that March 8, 1987, the day the check cleared, is the correct date, while the defendant takes the position that the statute started to run on March 6, 1987, the day the plaintiff received the check. If the statute started to run on March 6, 1987, then it would be an effective bar to all claims made in this action, which was not commenced until March 8, 1993.
General Statutes § 52-576 (a) states in part that "[n]o action . . . on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ." Nevertheless, "[p]artial payment of a debt which is barred by the statute of limitations removes a case from the statute provided that, `under the circumstances, it constitutes an acknowledgment of the indebtedness sued upon as a then existing debt.'" (Citations omitted.) Zapolsky v. Sacks, 191 Conn. 194,198, 464 A.2d 30 (1983). "In the case of a check . . . given in part payment, it is generally held that the statute of limitations begins to run anew from the time of the delivery of the writing, and not from the time of receiving the proceeds thereof." 51 Am.Jur.2d, Limitation of Actions, § 376, citing Smith v.Ryan, 66 N.Y. 352
(1876), Marreco v. Richardson, 2 K.B. 584 (1908).
Connecticut case law has recognized a "common law presumption that checks are ordinarily taken as conditional rather than as absolute payment, and their acceptance, until they are finally paid, does not discharge the obligation that they replace." (Citations omitted.) Hospital of St. Raphael v. New Haven SavingsBank, 205 Conn. 604, 608-09, 534 A.2d 1189 (1987); Huybrechts v.Huybrechts, 4 Conn. App. 319, 321, 494 A.2d 593 (1985) (noting that the giving of a draft by a debtor to his creditor does not discharge the debt itself until the draft is paid).
Courts in other jurisdictions have extended the same common law presumption to include the proposition that once a check is honored, the time of payment relates back to the time when the check was delivered to the obligee. See, e.g., Staff Builders ofPhiladelphia Inc. v. Koschitzki, 989 F.2d 692, 694 (3d Cir. 1993) (noting that a check given as payment for a debt and subsequently honored is deemed paid as of the date of the giving of the check);Duke v. Sun Oil Co., 320 F.2d 853, 861 (5th Cir. 1963) (holding that a check is merely conditional payment, but once honored the payment date relates back to the time when the check was delivered to the payee); Gudenau v. Bierria, 868 P.2d 907, 911 (Alaska 1994) (holding that if the check is honored, then the obligation is CT Page 7743 considered paid when the payee receives the check); Regents ofUniversity of New Mexico v. Lacey, 764 P.2d 873, 875 (1988) (holding that payment is made upon delivery of check and not upon deposit in bank); see also 60 Am.Jur.2d, Payment, § 11 (citing numerous cases for the proposition that once a check is honored, the time of payment relates back to the time when the check was delivered to the obligee).
The Connecticut legislature recently enacted General Statutes § 42a-3-310 (b), which states in part that "if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken. . . ." The court is of the opinion that it may apply § 42a-3-310 by analogy within the context of the statute of limitations. Since the delivery of a partial payment of cash from the obligor to the obligee renews the limitations period, then by analogy the delivery of a partial payment in the form of a check from the obligor to the obligee also renews the limitations period.
The court finds that the six year statute of limitations is applicable to all the claims of the plaintiff, that the statute began to run anew upon delivery of the aforementioned check on March 6, 1987, and therefore, this action, which was commenced on March 8, 1993, is barred by the six year statute of limitations.
The defendant's motion for summary judgment is granted.
Hadden, J.