THE HARTFORD WHEEL CLUB *vs.* THE TRAVELERS IN-
SURANCE COMPANY.

First Judicial District, Hartford, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The acceptance of rent accruing after a breach of condition for which
the lessor has declared his election to terminate the lease, from a
lessee for years who refuses to recognize the termination of the
lease and continues in possession as before, constitutes a waiver of
the forfeiture, which is binding alike upon the lessor and the lessee.

While provisions in a lease which absolve the lessor from making any
demand for rent, from making a re-entry, from giving the statutory
notice to quit, and from every other formality, may enable him to
commence an action for obtaining possession without such demand
and re-entry, they certainly do not prevent the parties from waiv-
ing a forfeiture before such action is begun.

Argued October 6th—decided November 7th, 1905.

WRIT OF ERROR to reverse the judgment of a justice of
the peace in an action of summary process, brought to and
tried by the Court of Common Pleas in Hartford County,
*Coats, J.;* judgment for the defendant, and appeal by the
plaintiff. *Error, judgment reversed and cause remanded.*

On September 10th, 1904, one John P. Harbison leased
to the Hartford Wheel Club a tenement in his building on
the corner of Main and Grove streets in Hartford for the
term of two years and nine months from August 1st, 1904,
at the annual rent of $900. The lessee covenanted to pay
the rent in equal monthly payments on the first day of every
month beginning with September, 1904. Immediately fol-
lowing the lessee's covenant to quit and surrender said
premises at the expiration of the term or sooner termination
of the lease, the lessee agreed that "all demand for rent or
re-entry, notice to quit possession as required by law, and
every other formality whatever are hereby expressly waived."
There was a subsequent clause by which the lessee arranged
for securing payment of rent by creating a lien on its goods,

etc., in favor of the lessor, and the lease then provided that if " said rent shall remain unpaid twenty days after the same becomes due, . . . . then this lease shall become void at the option of the lessor, without notice." The Hartford Wheel Club entered under this lease and has since remained in possession of the premises.

On January 3d, 1905, Harbison conveyed the land and building, which included the leased premises, to the Travelers Insurance Company, with the usual covenants of warranty, excepting existing leases. On April 3d, 1905, the Travelers Insurance Company commenced a proceeding in summary process against the Hartford Wheel Club before John F. Forward, a justice of the peace, to recover possession of said leased premises. The case was tried to a jury. Upon the trial, the question whether by force of a letter of December 15th, 1904, written by Harbison and claimed by the Insurance Company to have been received by the Wheel Club, there had been a termination of the written lease between Harbison and the Wheel Club in consequence of a forfeiture for nonpayment of rent, was in issue as a controlling question. A bill of exceptions was settled and filed, disclosing, in connection with the pleadings, the claims of the parties, the state of evidence and conceded facts appearing at the close of the testimony, and stating that the Wheel Club asked the justice to charge the jury that if they found there had been a forfeiture of said lease for the nonpayment of rent, the subsequent acceptance of rent by the Insurance Company and its grantor operated as a waiver of said forfeiture, and that the justice refused this request.

After verdict and judgment for the Insurance Company, the Wheel Club obtained this writ of error, assigning error in the refusal of the justice to charge as requested, and other errors in law, claimed to be involved in the justice's judgment. Upon the return of the writ of error to the Court of Common Pleas, the Insurance Company pleaded "nothing erroneous," and the Court of Common Pleas found this issue in its favor and rendered judgment affirming the judgment of the justice court. This appeal from the judgment

of the Court of Common Pleas is in the nature of a motion in error, and presents the question whether the justice of the peace manifestly erred in not charging the jury as requested by the Wheel Club.

*Andrew J. Broughel, Jr.*, for the appellant (plaintiff).

*Robert C. Dickenson*, with whom was *William BroSmith*, for the appellee (defendant).

HAMERSLEY, J. The complainant in the proceeding of summary process claimed that the Wheel Club was its lessee by virtue of a monthly hiring, as alleged in its complaint. The allegations of its complaint are inconsistent with any right in the complainant to enforce in this proceeding a forfeiture of the Harbison lease in pursuance of the terms thereof. Its complaint is based solely on the allegations that when the premises were conveyed to it on January 3d, 1905, the Wheel Club was lawfully in possession under a lease from its grantor for the month of January; that on February 1st this lease expired from lapse of time ; that on February 15th the complainant gave the Wheel Club the statutory notice to quit possession ; and that notwithstanding this notice it still holds over. The proceeding is not one by a lessor to obtain possession after the termination of his lease by reason of any express stipulation thereof, but is one to obtain possession after his lease has terminated by lapse of time. The Harbison lease and its termination, as alleged by the complainant, were essential evidential facts : unless the termination were proved, the complainant could not establish the lease for one month and its expiration by lapse of time, on which its complaint is based. The complainant claimed that the Wheel Club's failure to pay Harbison the rent for the month of October, within twenty days after the same became due, was a cause of forfeiture ; that the letter of December 15th, received by the Wheel Club before another failure to pay rent within the time limited, completed the forfeiture and operated as an absolute and final termina-

tion of the lease. The Wheel Club claimed that the letter did not complete the forfeiture, and that, if it must be treated as completing the forfeiture, the acceptance of subsequently accruing rent by the lessor operated as a waiver of the forfeiture claimed to be thus proved.

The law of this State, applicable to these claims upon the state of facts appearing in the record, is settled. When a lease for years provides that the term shall only extend to the happening of a certain event, the term ends upon the happening of that event, absolutely and irrespective of the wishes or the action of either party. But when a lease for a definite number of years contains a provision that the lease shall become void upon the nonpayment of rent, that provision does not create a limitation of the term, but merely a condition subsequent, for the breach of which the lessor may at his option end and terminate the lease. By the breach the lessee forfeits his right to the continuance of the lease, and the lessor gains the right to terminate the lease in the manner prescribed by law; but until so terminated the lease remains in force and the lessee is bound by its obligations. In order to take advantage of the forfeiture, the lessor must make demand of performance on the day the rent becomes due, if the forfeiture occurs upon a failure to pay on that day, or, if the forfeiture occurs upon failure to pay within a certain number of days after the rent becomes due, then upon the last day of the time so limited. The lessor having made demand must enter upon the leased premises for the purpose of asserting his right to possession thereof, by which act he declares his will to avoid the lease and treats the lessee as no longer a tenant but a mere trespasser upon his land; or he must do some other act which is equivalent to such entry and as unequivocally and certainly as a formal entry treats the lessee as a mere trespasser. Upon such demand and entry the lessor acquires the right, after legal notice, to bring ejectment or summary process for possession of the premises, and to enforce the termination of the lease as of the day of entry, and the lessee acquires the right to insist upon the termination of the lease and his con-

sequent release from its obligations. *Chalker* v. *Chalker*, 1 Conn. 79, 91; *Bowman* v. *Foot*, 29 id. 331, 341; *Camp* v. *Scott*, 47 id. 366; *Read* v. *Tuttle*, 35 id. 25; *Duppa* v. *Mayo*, 1 Saunders, 275, 287 note 16; *Clark* v. *Jones*, 1 Denio (N. Y.) 516, 518; *Mackubin* v. *Whetcroft*, 4 Harr. & McHen. (Md.) 135, 154. By failing to make the requisite demand the lessor loses his right to enforce the forfeiture. Having made demand, the lessor may waive his right to enforce the forfeiture at any time before entry by acceptance of after-accruing rent. By this act the lessor unequivocally treats the lessee as still his tenant, notwithstanding the forfeiture, and as lawfully in possession under the lease, and enforces the obligations imposed upon him as tenant by the terms of the lease. This power of waiver before entry belongs absolutely to the lessor, and may be exercised by him independently of any action by the tenant. After the lessor's election to enforce the forfeiture is declared by entry, and before the consequent termination of the lease is finally settled by the lessee's surrender of possession or his ejectment by the lessor, the power of waiver remains, but cannot as before entry be exercised by the lessor alone, independently of the lessee. By the entry the lessee has acquired a right to regard this treatment of him, as a mere trespasser, as binding upon the lessor, and to insist upon the consequent termination of the lease and his release from its obligations. This right he may waive; and so the power of waiving a forfeiture after entry does not belong to the lessor alone, but depends also upon the action of the lessee. When the forfeiture has been determined by entry, and the lessee, still in possession, waives his rights, accruing from that determination, by the payment of after-accruing rent, and the lessor, by the acceptance of that rent, treats the lessee as still his tenant and not as a continuing trespasser, there is a waiver of the forfeiture, binding alike upon the lessor and lessee. This law in respect to waiver rests upon plain principles of justice controlling the rights and duties of the parties in relation to the peculiar forfeiture arising upon the breach of a covenant, in a lease for years, to pay rent upon a day certain. *Bowman* v. *Foot*, 29

Conn. 331, 337 ; *Camp* v. *Scott*, 47 id. 366, 370 *et seq. ; Fifty Associates* v. *Howland*, 11 Met. (Mass.) 99, 102 ; *Coon* v. *Brickett*, 2 N. H. 163, 165 ; *Jackson* v. *Sheldon*, 5 Cowen (N. Y.) 448 ; *Goodright* v. *Cordwent*, 6 Term, 219.

In the present case the only default, from which a termination of the lease on December 15th is claimed, occurred on November 21st, when the lessee failed to pay the rent for the month of October within twenty days after it became due. There appears to have been no demand on the lessee for performance on November 21st, or at any time, unless indeed the letter of December 15th should be treated as a demand ; and there was no re-entry, unless the mailing and receipt of the letter of December 15th is the equivalent of re-entry and, as certainly as a formal entry, asserts the lessor's right to immediate possession and treats the lessee as a mere trespasser on the premises.

But waiving the matter of demand and the question of the legal sufficiency of the letter of December 15th to take the place of a formal entry, it appears in the bill of exceptions that the rent for the month of October was paid and a receipt given therefor under date of December 31st, 1904, and that the rent for the month of November, which accrued after the lessee's act of forfeiture on November 21st, namely, December 1st or within twenty days thereafter, was paid by the lessee to the authorized agent of the lessor, and said rent was accepted by said agent who gave to the lessee a receipt therefor under date of January 3d, 1905. Under these circumstances the Wheel Club was entitled to have the jury instructed that the forfeiture of the lease which the Insurance Company claimed the lessor had elected to enforce on December 15th, by his letter of that date, might be waived by the subsequent payment of after-accruing rent by the lessee and its acceptance by the lessor.

The right of the Wheel Club to an instruction as to the waiver of the forfeiture is not affected by the clause in the lease immediately following the promise of the lessee to make punctual payment of the rent and to " quit and surrender the premises at the expiration of said term or sooner

termination of this lease," in which clause the lessee agrees that "all demand for rent or re-entry, notice to quit possession as required by law, and every other formality whatever are hereby expressly waived." This waiver of demand, etc., even if it can be regarded as unlimited, cannot change the provision of the lease from a condition subsequent into an absolute limitation of the term, so that upon the occurrence of the lessee's default the term shall absolutely cease irrespective of the wishes of the parties. The utmost effect that can be given the unlimited waiver is to enable the lessor to commence his action for obtaining possession, whether it be ejectment or summary process, without demand and re-entry; in that case the commencement of the action operates as the equivalent of demand and re-entry, and the power of waiving the forfeiture before action commenced, exists, whether or not an unnecessary entry or its equivalent may be in fact made. Under any permissible view of the provisions of the lease, the forfeiture arising upon the lessee's default might have been waived after the letter of December 15th and before action brought, and the fact of such waiver was material in determining the issue in the justice trial.

The defendant's request to charge must be read and understood in reference to the issues presented by the pleadings, to the claims and state of facts appearing in the bill of exceptions, and to the law applicable thereto. So read and understood, we think the trial justice plainly erred in the unqualified refusal of the request; and this error is apparent upon the record of the proceedings before the justice.

Additional requests to charge made to the justice were correctly refused; other errors assigned in the writ, as involved in the judgment of the justice court, do not properly appear in the record.

There is error in the judgment of the Court of Common Pleas; the judgment is reversed and the cause remanded with instructions to render judgment for the plaintiff in error.

In this opinion the other judges concurred.