## MILDRED BORST *v.* CHARLES RUFF

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 9—decided December 19, 1950

*William L. Beers,* with whom, on the brief, was *Nelson Harris,* for the plaintiff in error.

O'SULLIVAN, J.  For some time prior to February 15, 1950, the defendant in error, referred to herein as the tenant, occupied premises in New Haven under a month-to-month lease from the plaintiff in error, referred to herein as the landlord.  The rent was $35, payable in advance on the fifteenth day of each month. On February 18, the tenant mailed a check to the landlord for the rent due February 15.  Payment was refused by the bank because of insufficient funds.  The tenant mailed another check for the same purpose on February 23.  This was likewise dishonored.  The landlord then retained an attorney to recover possession of the premises for nonpayment of rent.  On March 21, a notice to quit was served on the tenant.  On March 29, the attorney wrote to the tenant that he would be obliged to proceed in eviction proceedings, but he added: "If you will let me know how much time you need to remove from the premises I will see what I can do about straightening the matter out with [my client] but at this moment do not have much choice."  There is nothing to indicate what effect the letter had.  On April 11, the attorney instituted an action of summary process returnable to the City Court of New Haven.  Trial was had on June 15.  By letter posted March 20, the tenant had sent the landlord a check for $35.  He also mailed checks for a like amount on March 22, April 12, May 13 and June 14.  The attorney's letter of March 29 made no mention of the two checks which had been sent prior to that date.  The landlord did not acknowledge any of the checks, return them or make any attempt to cash or negotiate them; she simply retained them and produced them at the trial.  Judgment was rendered denying recovery of

possession of the premises. The writ of error brought to this court presents the sole question whether the trial court could reasonably and legally have concluded that "The retention of the checks by the [landlord] without other explanation than the letter of March 29, 1950 from [her] attorney constituted an acceptance of the rent and a waiver of the default in the payment of rent."

By serving the notice to quit on March 21, the landlord performed an act which was sufficiently unequivocal to terminate the tenancy. *Tseka* v. *Scher*, 135 Conn. 400, 404, 65 A. 2d 169; *Thompson* v. *Coe*, 96 Conn. 644, 651, 115 A. 219. From that point on, the tenant's default in his obligation to pay rent would be decisive of the outcome of the summary process action unless the landlord renewed the tenancy.

Where no special agreement to the contrary is shown, a check does not discharge the debt for which it was given until it is honored or paid. *Sperandeo* v. *Aetna Casualty & Surety Co.*, 131 Conn. 407, 410, 40 A. 2d 280; *Alexiou* v. *Bridgeport-People's Savings Bank*, 110 Conn. 397, 402, 148 A. 374. Each of the five checks which were forwarded to the landlord amounted to nothing more than an offer of conditional payment of rent. *Reade* v. *Indemnity Ins. Co.*, 121 Conn. 309, 313, 184 A. 646; *Bassett* v. *Merchants Trust Co.*, 118 Conn. 586, 595, 173 A. 777. If the checks were accepted by her as conditional payment, the tenancy was renewed. *Hartford Wheel Club* v. *Travelers Ins. Co.*, 78 Conn. 355, 359, 62 A. 207. It would be inconsistent for a landlord to accept a rent check, whether as absolute or conditional payment, under a nonexisting tenancy. The vital question of fact which confronted the court was the intention of the landlord as manifested by what she did. Instead of returning the checks and thus ending any doubt about the matter, she retained

them for as long, in one instance, as three months. A long, unexplained retention of a check tends to show its acceptance for the purpose for which it was given. *Bloomquist* v. *Johnson,* 107 Ill. App. 154, 156; see *Wheeler & Motter Mercantile Co.* v. *Kitchen,* 67 Okla. 131, 132, 169 P. 877. We cannot say that the conclusion of the court that the checks were accepted as payment of rent was either contrary to law or unreasonable. *Conde* v. *Dreisam Gold Mining & Mill Co.,* 3 Cal. App. 583, 588, 86 P. 825; *Rohrbach* v. *Hammill,* 162 Iowa 131, 141, 143 N. W. 872. Such an acceptance by the landlord renewed the tenancy and waived the default. *Camp* v. *Scott,* 47 Conn. 366, 370; 32 Am. Jur. 747, § 882. There is nothing erroneous in the proceeding complained of.

There is no error.

In this opinion the other judges concurred.