[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this commercial summary process action has moved to dismiss the action alleging insufficiency of service of the notice to quit and the acceptance of rent by the plaintiff landlord after service of the notice to quit, which alleges non-payment. At the hearing on the motion to dismiss, testimony was presented on both issues.
The defendant, the tenant under the written lease, was served with the notice to quit at his abode. This service was proper under Conn. Gen. Stat. 47a-23 (c), which sets forth alternative methods of service on an individual who rents commercial property. Defendant's argument that a notice to quit for commercial premises can be served only by leaving it at the place of the commercial establishment cannot be sustained in light of the legislative history of P.A. 82 — 274, which added the provisions relative to service at a commercial establishment. The legislative history makes clear that this was not intended to be the exclusive method of service for a commercial property.
The court further finds that the plaintiff accepted rent from the defendant after service of the notice to quit, thereby renewing the tenancy previously terminated by the notice to quit. Borst v. Ruff, 137 Conn. 359 (1950): Tuttle v. Martin, 32 Conn. Sup. 297 (1975). The plaintiff claims that the acceptance of rent after service of the notice to quit does not nullify the notice to quit because the defendant waived the service of the notice to quit in section 16.02 of the lease. However, section 16.02 does not refer specifically to a notice to quit as the notice which is waived. Moreover, Connecticut law does not permit a waiver of notices to quit for nonpayment. Conn. Gen. Stat. 47a-23 requires the service of a notice to quit in all cases where the landlord wants to obtain possession. The only exception is a waiver for notices to quit based CT Page 7563 on lapse of time. Conn. Gen. Stat. 47a-25.
The plaintiff also relies on section 16.08 of the lease, a non-waiver provision. This provision does not operate to negate the landlord's acceptance of rent after the notice to quit, for two reasons. First, the non-waiver provision expressly relates to a waiver of a "Default" (defined term) under the lease. It does not apply to a waiver of the lease termination effected by the notice to quit. Secondly, the notice to quit terminated the lease and the plaintiff having terminated the lease, cannot rely on the provisions of the lease to excuse its acceptance of rent after service of the notice to quit.
The motion to dismiss is granted because of the plaintiff's acceptance of rent after service of the notice to quit.
Vertefeuille, J.