[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action for possession of leased residential property based upon non-payment of rent. After hearing the evidence and reviewing the briefs, the court makes the following findings of fact and conclusions of law.
Commencing July 1, 1991, the parties entered into a one-year lease for property known as 28 Tamarac Ridge Circle, Unit 28 in Shelton, Connecticut. The lease provided, among other items, for annual rent of $12,900 payable monthly at the rate of $1,175 for ten months and $1,150 for the eleventh month. The security deposit was $1,075. Defendants did not make timely payment of the amount due on December 1, 1991. In mid-December, defendants offered weekly payments of $300 per week, but no actual payments of this or any amount were made. On December 23, 1991, a notice to quit was issued and abode service was made on defendants on December 26, 1991. Defendants remained in possession after the expiration of the time specified in the notice to quit and this summary process action was commenced, returnable January 23, 1992. CT Page 2373
Defendants, who are representing themselves in this action, filed answers disputing the amount of the rent, the service of the notice to quit, and alleging that rent was offered on December 15, 1991. Defendants also claimed in their answers that many promised repairs were not made to the premises.
The court finds that the abode service of the notices to quit on each defendant was proper; in-hand personal service is not required in a summary process action. Conn. Gen. Stat.47a-23 (c).
The court further finds, as claimed by defendants, that the monthly rent for the premises was $1,075 ($12,900 divided by 12) and that the additional $100 per month payments are a security deposit for payment of the last month's rent. See Conn. Gen. Stat 47a-21 (a)(10).
Although the court does find that rent was offered to the landlord as alleged in the special defenses, the law requires more by way of special defense than the judicial department pre-printed form for pro se parties might lead such a party to believe. To avoid summary process, the law requires the tenant to make a tender of payment of the rent, not merely an offer to do so. Yervant v. B.A.J. Corp., 4 Conn. App. 84 (1985). As for the alleged failure to repair, insufficient evidence was offered on this claim and no authority cited under the circumstances of this case which would justify non-payment of rent.
Accordingly, the court finds that judgment for possession may enter in favor of the plaintiff for non-payment of rent. The arrearage is found to be $1,075 for the December rent. Plaintiff is not entitled to use a summary process action to collect a security deposit or any rent or any other payments under the lease. By electing to proceed in summary process, he has elected to terminate the lease. Any additional payments are neither alleged herein nor properly recoverable in a summary process action. Bushnell Plaza Development Corporation v. Fazzano,38 Conn. Sup. 683, 686-687. Similarly, because defendants remain in possession, it is premature to litigate or apply the security deposits held by the landlord.
Judgment may enter accordingly.
SEQUINO, JUDGE