[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
INTRODUCTION
The matter before the court is a motion to dismiss a summary process action for the following reasons:
 the description which is set forth in the notice to quit of the premises to be vacated is not sufficiently definite; and,
 the notice to quit does not set forth the date on which it was signed.
FACTS
At the hearing on this motion, the plaintiff testified, without contradiction, that the defendant occupies space:
which consists of the entire second floor of a building;
which is known as 225 County Street, New Haven;
 which is reached through an entrance from the outdoors which is designated 225 County Street; and,
 which is the only apartment, dwelling unit or space within the premises known as 225 County Street.
The notice to quit in this case does not set forth the date on which it was signed, and the plaintiff testified that he omitted CT Page 709 the date through oversight.
DISCUSSION
Sufficiency of Description
Section 47a-23(b) of the general statutes provides that a notice to quit shall set forth the address, "including apartment number o other designation, as applicable", of the premises to be vacated. Because in this case the apartment occupied by the defendant was the only apartment in the space known as 225 County Street, an "apartment number or other designation", in addition to the street address, was not necessary to identify the premises to be vacated and therefore was not applicable. Accordingly, the motion to dismiss on the ground of insufficient description cannot be granted.
Lack Of Date
Section 47a-23(b) of the general statutes provides that a notice to quit shall be substantially in the form set out in that section, which calls for, inter alia, "the date and place of signing the notice". Since the notice in this case does not set forth the date on which it was signed, the question is whether section 47a-23(b) is mandatory or precatory as to the date of signing.
The advocate for the defendant has relied on Kupper v. Mahan, SP-N-7903-214-NB#25 (1979), for the proposition that the language in the statute relating to the date of signing is mandatory. Kupper
applies the form/substance analysis to this issue and concludes that the date of signing is substantive.
My review of this issue leads to the opposite conclusion. I believe the legislature intended that those elements of a notice to quit which advise the occupant what to do, when to do it and when the landlord can take further action, that is, the description of the premises to be vacated, the date by which they must be vacated and the date of service of the notice (from which can be calculated the date on which a summary process action can commenced), are all substantive and therefore mandatory elements of a notice to quit.
On the other hand, the rights and duties of the landlord and the tenant are not affected by the place where, or the date when, a notice to quit is signed. Albini v. Syrosen, No. SPWA 8408-01610 CT Page 710 (1984), indirectly addresses this issue as follows:
 The resolution of this issue depends upon whether the defendant's lease was terminated on July 10th, the date on the face of the notice, or on July 11th, when the notice to quit was served. Unquestionably, the termination occurred on July 11th when the defendant was in default. It is the service of the notice to quit which is the definite unequivocal act of the landlord showing the exercise of the option to terminate. Thompson v. Coe, 96 Conn. 644, 651 (1921). See also Borst v. Ruff, 137 Conn. 359, 361 (1950), Tseka v. Scher, 135 Conn. 400, 404 (1949).
To the same point is Whitt v. Dark, SP-H-8106-10719 HD (1981):
 Plaintiff argues that the nine day grace period provided by Connecticut General Statutes Rev. § 47a-15(a) had expired when the notice to quit was signed on May 10, 1981. It is not necessary to decide that issue, however, as the notice to quit was not served on the defendant until May 13, 1981. "[T]he essential prerequisite for a successful summary process is the proper delivery of a sufficient notice to quit." Ulatowski v. Sealy, 5 CLT No. 39 (September 10, 1979) (emphasis added).
 The notice to quit was served on the defendant after the statutory grace period had expired. To rule that the notice is insufficient because it may have been dated before that grace period expired would be to exalt form over substance.
As phrased in Albini:
 . . . it is well established that not every infirmity in the notice constitutes a jurisdictional defect. The thread that runs through the Housing Session Cases is that dismissals are warranted when the CT Page 711 misdescription or misdesignation is one that would reasonably promote confusion or, at least, a lack of understanding.
Since the absence of the date of signing of a notice to quit does not create confusion or a lack of understanding of something essential to a summary process action, it is found that the date of signing is a matter of form, and therefore a precatory subject in the statutory construction context. Accordingly, the motion to dismiss because of the absence of the date on which the notice to quit was signed cannot be granted.
CONCLUSION
The motion to dismiss is denied in all respects.
George Levine, Judge