[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 29, 1995
This Motion to Dismiss in this residential non payment summary process action raises three issues. First, whether the issuance of a writ, summons and complaint prior to the completion of the federally mandated grievance procedure deprives the court of subject matter jurisdiction; second, whether the notice to quit issued pursuant to Connecticut General Statutes § 47a-23 which contains a restatement of a portion of the separately served federal pretermination notice renders the state notice to quit equivocal; and third, whether the lack of reference in the federal pretermination notice of the right to examine PHA documents directly related to the termination or eviction deprives the court of subject matter jurisdiction.
A defective notice to quit deprives the court of subject matter jurisdiction. Rosato v. Keller, 5 CLT 325 p. 18; Windsor Properties Inc. v. The Great Atlantic andCT Page 2510-AAPacific Tea Company, 3: Conn. Sup. 297, 301 (1979);Marrinan v. Hammer, 5 Conn. App. 101, 105 (1985). As a condition precedent to a summary process action, a proper notice to quit is a jurisdictional necessity.Lampasona v. Jacobs, 209 Conn. 724, 730 (1989); "Before a landlord may pursue its statutory remedy of summary process under Connecticut General Statutes § 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease." JeffersonGarden Associates v. Greene, 202 Conn. 128, 143
(1987). "The issue of subject matter jurisdiction can be raised at any time, including on appeal. ConcernedCitizens of Sterling v. Sterling, 204 Conn. 551, 556
(1987). The court must decide the issue of subject jurisdiction even if not raised by the parties. Kolenbergv. Board of Education, 206 Conn. 113, 122 (1988);Tucker v. Maher, 192 Conn. 460, 469 (1984).
The parties have agreed that there are two notices that are required prior to this lease being terminated: the federal notice, also known as a pretermination notice, and the state notice to quit under Connecticut General Statutes § 47a-23. It is also agreed that the relevant code requirements for the federal notice are contained in the 24 C.F.R. § 966.4(1)(3)(ii). The section states, "The notice of lease termination to the tenant shall state specific grounds for termination, and shall inform the tenant of the tenant's right to make such reply as the tenant may wish. The notice shall also inform the tenant of the right (pursuant to Section 944.4(m)) to examine PHA documents directly relevant to the termination or eviction. When the PHA is required to afford the tenant the opportunity for a grievance hearing, the notice should inform the tenant of the tenant's right to request a hearing in accordance in the PHA's grievance procedure."
 SERVICE OF COMPLAINT PRIOR TO THE COMPLETION OF THE PREDETERMINATION GRIEVANCE PROCESS DOES NOT DEPRIVE THE COURT OF SUBJECT MATTER JURISDICTION.
The complaint alleges non payment of rent due on CT Page 2510-BB November 1, 1994. 24 CFS Section 966.4(1)(3)(i)(A) states that the PHA shall give 14 days written notice of the lease termination in the case of failure to pay rent. In this case the PHA is the plaintiff, Stratford Housing Authority. A Motion to Dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Young v.Chase, 18 Conn. App. 85, 90 (1989). The pretermination notice is attached as Exhibit B to the complaint and is dated November 10, 1994. The pretermination notice stated the plaintiff's intention to terminate the defendant's lease on November 24, 1994. On November 29, 1994 a notice to quit was served on the defendant alleging non payment of rent, requiring the defendant to vacate on December 10, 1994. By a writ, summons and complaint dated December 13, 1994, the plaintiff instituted this summary process lawsuit returnable to the Superior Court Housing Session on December 29, 1994.
The grievance procedures approved by the Stratford Housing Authority Board of Commissioners on March 23, 1994 required that the complainer must submit a written grievance within ten (10) working days of the action being grieved. The federal pretermination notice notified the defendant of the grievance procedures and the defendants failed to request a grievance within ten (10) working days from the pretermination notice. The plaintiff then served the notice to quit on November 29, 1994. On December 7, 1994 the defendants, acting by their attorney of record, sent a certified letter to the plaintiff requesting a grievance hearing. Although the grievance hearing was filed late in violation of the plaintiff's grievance procedures, the plaintiff did grant a grievance hearing. Prior to the decision on the grievance hearing the plaintiff instituted this lawsuit and served the writ, summons and complaint as stated. The defendant has moved that the writ, summons and complaint be dismissed claiming that its service is in violation of the federal regulations governing the premises.
 When the PHA is required to afford the tenant the opportunity for a hearing under the PHA grievance procedure for a grievance concerning the lease CT Page 2510-CC termination . . . the tenancy shall not terminate (even if any notice to vacate under State or local law has expired) until the time for the tenant to request a grievance hearing has expired, and (if a hearing was timely requested by the tenant) the grievance process has been completed. 24 C.F.R. § 966.4(1)(3)(i)(v).
The defendants cite as authority for this series of events depriving the court subject matter jurisdictionJefferson Gardens Associates v. Greene, 202 Conn. 128
(1987), and two Hartford Housing cases decided in 1989. None of the cases cited indicate directly that the court is deprived of subject matter jurisdiction under the claimed facts.
In 1993 the Connecticut General Assembly permitted federally required pretermination notice and the State notice to quit to be served either in the same document or simultaneously. "A termination notice required pursuant to federal law and regulations may be included in or combined with the notice required pursuant to this section and such inclusion or combination does not thereby render the notice required pursuant to this section equivocal, provided the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of completion of the pretermination process, whichever is later. C.G.S § 47a-23(e). The parties have stipulated that the grievance process has since been completed adverse to the defendant by the time or argument as this Motion to Dismiss.
Both the federal regulations and state statute indicate that the defendants have a right to the grievance procedures. No eviction can take place until the grievance procedures are completed. In this particular case the defendant failed to request their grievance hearing within the requisite period of time and the notice to quit was properly served prior to the defendant's request for grievance. Neither federal regulations nor C.G.S § 47a-23 prevent the service of the notice to quit and/or the writ, summons and complaint during the grievance procedure process. The service of a writ, CT Page 2510-DD summons and complaint does not terminate a tenancy. A summary process judgment confirms judicially the fact that the tenancy was terminated by the issuance of the notice to quit. Feneck v. Nowakowski,146 Conn. 434, 436 (1959); Hamre v. Michael Etzel Sons, Inc., 120 Conn. 129, 137 (1935); Kovner v.Dubin, 104 Conn. 112, 118 (1926); Read v. Tuttle,35 Conn. 25, 26 (1868). It is the service of the notice to quit that terminates the tenancy. Webb v. Ambler,125 Conn. 543, 550 (1939); Chapel-High Corporation v.Cavallaro, 141 Conn. 407, 411 (1954).
The service of the notice to quit on November 29, 1994 terminated the tenancy. Defendants were negligent in failing to exercise their right to request a grievance within the ten (10) day period set forth by the plaintiff's grievance procedures. The plaintiff has acted in good faith in relying on the failure of the defendant to comply with the grievance procedures when it issued the notice to quit. It further acted in good faith granting the defendant's grievance request even though the request was in violation of the grievance procedure. The defendant cannot be found to raise the lack of subject matter jurisdiction. In fairness the defendants caused the acts complained of. Both the landlord and the defendant have an obligation to each other to exercise a duty of good faith and fair dealing. Warner v. Konover, 210 Conn. 150, 155
(1989). In fairness it appears that the most equitable relief would be to grant a stay at the request of the defendant until the grievance procedure is completed. Upon the completion of the grievance procedure, the plaintiff, if successful, would then be permitted to continue with its action. The grievance procedure has already been completed. Therefore the issuance of a stay is moot.
This procedure for a stay has been approved byHousing Authority of New Britain v. Doris Jones, H-897, May 25, 1989 (Doyle, J). "However, the federal grievance procedures only make sense if they are to be utilized and completed prior to the commencement of eviction actions." The defendant's actions caused the grievance procedure to be commenced after the commencement of the eviction action and a stay is the CT Page 2510-EE proper remedy. This court agrees with Judge Doyle that a stay appears to be the proper remedy in lieu of a dismissal. The plaintiff therefore must prevail in this aspect of the Motion to Dismiss.
THE NOTICE TO QUIT IS EQUIVOCAL
The plaintiff issued a pretermination notice which stated: "You have a right to reply to this notice anytime within the next (14) days and you also have a right to request a Hearing in accordance with his Authority's Grievance Procedure." Once the "next 14 days" expired as per the federal notice requirements the plaintiff issued a notice to quit which contained two separate additional paragraphs. One paragraph stated: "All sums paid by the Tenant after service of this Notice to Quit shall be credited to use and occupancy only and shall no way preclude the Landlord completing this eviction." This reservation of use and occupancy language is not required by Connecticut General Statutes § 47a-23. This language has been specifically approved by the Appellate Session of the Superior Court in 1982.Zitomer v. Palmer, 38 Conn. Sup. 341, 343 (1982). This reservation of use and occupancy language contained in a notice to quit does not render the notice to quit equivocal. Borst v. Ruff, 137 Conn. 359, 361 (1950);Zitomer v. Palmer, supra 343-44.
The plaintiff also included in its notice to quit an additional paragraph stating "You have the right to reply to this Notice, to examine your Tenant file with the Stratford Housing Authority and any all other documentation regarding your tenancy in the possession of the Stratford Housing Authority and to request a grievance hearing in accordance with the grievance procedure of the Stratford Housing Authority." This language is not required by Connecticut General Statutes § 47a-23. The requirement of notification of the right to request a grievance hearing had already been included in the federal notice requirements in the November 10, 1994 notice. There is no requirement in the federal regulations for a second notice to be given of a grievance hearing. The defendants claim that the addition of these two additional paragraphs renders the notice to quit equivocal. CT Page 2510-FF
The legislature in 1993 indicated that a notice to quit will not be rendered equivocal if the termination notice required pursuant to federal law and regulations is either included in or combined with the notice required pursuant to Connecticut General Statutes § 47a-23. The statute reverses the decision of FairwayGardens, Inc. v. May, NH-538, 2 CONN. L. RPTR. 715 (October 25, 1990) (Vertefeuille, J.). Fairway Gardens,Inc. v. May held that a federal notice requirement included in a state notice to quit rendered the notice to quit equivocal. This ruling has been reversed by the Connecticut General Assembly. C.G.S Section 47a-23(e).
This does not end the issue. The federal pretermination notice gives the tenant the opportunity to cure.Jefferson Gardens Associates v. Greene, supra 145. The statutory notice to quit does not give the tenant the opportunity to cure. Borst v. Ruff, supra 361;Housing Authority v. Hird, 13 Conn. App. 150, 155
(1988).
Connecticut General Statutes Section 47a-23(e) did not overrule the line of cases that stated that the notice to quit must be unequivocal. Extraneous information provided in a notice to quit or outside the notice may render the notice equivocal. Sandrew v. Pequot Drug,Inc., 4 Conn. App. 627, 628 (1985); Danpar v. Falkha,37 Conn. Sup. 820, 325 (1981). For example a letter by the landlord after the service of the notice to quit which letter proposed a reinstatement of the lease upon certain conditions rendered the otherwise valid notice to quit equivocal. 617 Park Street Ltd v. Diakomanolis, H-1037, 12 CONN. L. RPTR. 574 (October 31, 1994) (DiPentima, J.); Church Street South Limited Partnershipv. Harding, NH-610, 10 CONN. L. RPTR. 593 (December 2, 1993) (Mintz, J.).
It has been recently held by this court that the inclusion of the use and occupancy reservation language in a notice to quit served simultaneously with a federal termination notice inviting the tenant to cure, rendered the statutory notice to quit equivocal. FirstBaptist Housing of Bridgeport, Inc. v. Boager, SPBR-412 (February 21, 1995) (Tierney, J.). This court held CT Page 2510-GG that the plaintiff chose to use the particular language of Zitomer v. Palmer, the reservation of use and occupancy language, at its peril in a notice to quit in which a federal termination notice is required.
The plaintiff argues that the addition of the federal termination language in the notice to quit does not render the notice to quit equivocal under Connecticut General Statutes § 47a-23(e). This court agrees. The mere sending of a second notice relating to the federal requirements in a notice to quit which actually legally effectively terminates the lease after a service of a valid prior pretermination notice does not render notice to quit unequivocal.
This court is of the opinion that the inclusion in a notice to quit of federal termination language as an extra non-required notice coupled with the reservation of use and occupancy language of Zitomer v. Palmer, does render the notice to quit equivocal.
This court further indicated in First Baptist that the plaintiff may insert the use and occupancy reservation language in a notice to quit at the expiration of the federal notice period. Inclusion of the federal notice requirements in a second notice was done at the plaintiffs own risk. As a result the plaintiff by its own action rendered the notice to quit equivocal. The defendant was left with the following choices: 1) On November 10, 1994 to make arrangements with the plaintiff to pay the arrears and/or apply for a grievance procedure knowing that the payment of arrears would reinstate the tenancy, 2) Upon the receipt of the November 29, 1994 notice to quit the tenancy which had been legally terminated under C.G.S. § 47a-23, 3) Upon reading of the November 29, 1994 notice to quit understanding that they had the further right to a grievance hearing and to reinstate the tenancy after the hearing, 4) Upon reading the November 29, 1994 notice to quit understanding that any payments made notwithstanding the other language, would be credited toward use and occupancy and would in no way preclude the landlord from completing this eviction. The cure, no cure, cure and no cure dilemma renders the notice to quit equivocal. Hartford Wheel v. TravelersCT Page 2510-HHIns. Co., 78 Conn. 355, 358 (1905); Read v. Tuttle,35 Conn. 25, 26 (1868); Thompson v. Coe, 96 Conn. 544,651 (1921). Hartford Housing v. Williams, H-982 (August 31, 1992) (Holzberg, J.). The Motion to Dismiss is granted on the second grounds since the notice the quit is equivocal.
 FAILURE TO INCLUDE IN THE FEDERAL TERMINATION NOTICE OF RIGHT FOR THE TENANT TO EXAMINE PHA DOCUMENTS DEPRIVES THE COURT OF SUBJECT MATTER JURISDICTION
The third reason stated for the dismissal of the action is that pretermination notice does not comply with the regulation requirements. 24 C.F.R. § 966.4(1)(3)(ii) states "The notice shall also inform the tenant of the right (pursuant to Section 944.4(m)) to examine PHA documents directly relevant to the termination or eviction." Jefferson Garden Associates v.Greene, supra 143 stands for two propositions in this regard; First, the landlord must prove its compliance with all applicable preconditions set by federal law for the termination of the lease and second that the landlord should not be precluded from pursuing summary eviction proceedings because of the hypertechnical dissection of the wording of notices that he has sent. The termination notice dated November 10, 1994 makes no reference of the right to examine PHA documents. The pretermination notice must also be given the full 14-day notice. The pretermination notice by failing to contain the right to examine documents is not in compliance with federal requirements.
The plaintiff points to the notice to quit which does contain the right to examine documents language. The plaintiff claims that this additional language complies "with the included with or combined with notices" of C.G.S. § 47a-23(e). The notice to quit does not comply with the 14 day requirement for the service of the pretermination notice. 24 C.F.R. § 966.4(1)(3)(ii). The notice to quit therefore fails to comply with the federal notice requirement. The court is deprived of subject matter jurisdiction by reason of the plaintiffs' failure to include the examination of PHA documents language CT Page 2510-II in its termination notice. This deficiency cannot be corrected by a later inclusion in a state required notice to quit since the 14 day requirement was not complied with. Jefferson Gardens Associates v.Greene, supra 143.
Therefore the motion to dismiss is granted as to the second and third reasons argued by counsel.