[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The defendants have moved to dismiss this residential summary action on two grounds: the notice to quit was equivocal and the federal termination notice was served prior to the expiration of the statutory grace period required by C.G.S. § 47a-15a. The plaintiff objects to this dismissal and contends that the service of the federal termination notice was in compliance with federal requirements. The plaintiff further states that the notice to quit complied with the recently amended C.G.S. § 47a-23 (e) stating that "A termination notice required pursuant to federal law and regulations may be included in or combined with the notice required pursuant this section and such inclusion or combination does not thereby render the notice required pursuant to this section equivocal."
FACTS
On or about December 30, 1983 the plaintiff as landlord and the defendants as tenants entered into a written month to month lease for premises known as 116 Gregory Circle, Stratford, Connecticut. The complaint alleges that the defendants failed to pay their rent for the months of January 1994, February 1994 and March 1994. The rent was due and payable on the first day of each calendar month. On February 10, 1994 the plaintiff mailed to the defendants a letter stating the plaintiff's intention to terminate the defendant's lease on January 24, 1994. A copy of that letter was attached to the writ, summons and complaint. The January 10, 1994 letter gave the defendant 14 days written notice of termination for failure to pay rent and advised the defendants that they have a right to reply to this notice within the next 14 days and a right to request a hearing in accordance with the plaintiff's grievance procedure. The notice further states "If you fail to make full payment of the amount stated above within the next CT Page 4186-A fourteen (14) days of your receipt of this notice, the Sheriff will be instructed to serve a Notice to Quit for the premises you now occupy."
The defendants did not request a grievance hearing. On February 17, 1994 the plaintiff served a Notice to Quit on the defendants requiring them to vacate the premises on March 3, 1994 for the reason of non payment of rent. The Notice to Quit contained two clauses in addition to the language of C.G.S § 47a-23 (b): "All sums paid by the Tenant after service of this Notice to Quit shall be credited to use and occupancy only and shall in no way preclude the Landlord from the completing this eviction;" and "You have the right to reply to this Notice to examine your Tenant file with the Stratford Housing Authority and any and all other documentation regarding your tenancy in the possession of the Stratford Housing Authority and to request a grievance hearing in accordance with the grievance procedures of the Stratford Housing Authority." A writ, summons and complaint was served thereafter. The defendant filed this Motion to Dismiss. Multiple memorandums of law were filed with the court.
DISCUSSION OF THE LAW
A Motion to Dismiss shall be used to assert the lack of jurisdiction over the subject matter. Southport Manor ConvalescentCenter, Inc. v. Foley, 216 Conn. 11, 12 (1990). As a condition precedent to a summary process action, a proper Notice to Quit is a jurisdictional necessity and a defective Notice to Quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs,209 Conn. 724, 730 (1989); Rosato v. Keller, H-45, 5 CLT 325, p. 18 (1979); Marrinan v. Hamer, 5 Conn. App. 101, 104 (1985).
"Before a landlord may pursue its statutory remedy of summary process under § 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease." Jefferson Garden Associates v. Greene,202 Conn. 128, 143 (1987). The failure to meet the statutory requirements of C.G.S. § 47a-23 concerning the notice to quit deprives the court of subject matter jurisdiction. Windsor Properties, Inc. v. The GreatAtlantic and Pacific Tea, Inc., 35 Conn. Sup. 297, 301 1979. The failure to comply with the federal law and regulations governing the termination of a tenancy deprives the court of subject matter jurisdiction. Jefferson Garden Associates v. Greene, supra 143,Francisco v. Graham, NH-306, May 7, 1985, 12 CLT No. 3, p. 32, PicerneProperty v. Top, H-688, October 1, 1985, 12 CLT No. 10, DeFlorio v.Crooks, SNBR-310, May 20, 1988, 14 CLT No. 30 p. 22. CT Page 4186-B
The parties agree the plaintiff is bound by federal statutes to provide 14 days pretermination notice in the case of non payment of rent. "the public housing agency to give adequate written notice of termination of the lease which shall not be less than . . . 14 days in the case of non payment of rent." 42 U.S.C. § 1437d(1)(3). The parties further agree that the HUD regulations relevant to this notice are contained in 24 C.F.R. § 966.4 (1)(3) also known as 24C.F.R. Ch. IX (4-1-94 Edition), 966.4(1)(3). The regulation states in regards to the lease termination notice; "(i) The PHA shall given written notice of lease termination of: (A) 14 days in the case of failure to pay rent;" The PHA is the plaintiff, Stratford Housing Authority.
The defendants argue that lease termination based on failure to pay rent is matter of contract law. The contract between the parties indicated that the rent was due on the first day of each month. The defendants argue that the federal statutes and federal regulations do not set forth any requirements as to when rent is due. State law must be control in that regard. Under state law if the rent is unpaid on the first day of the month and the tenant fails to pay rent within nine days thereafter the landlord may terminate the rental agreement.C.G.S. § 47a-15a. The defendants claim rightly that with rent due on the first day of the calendar month the tenant is not in default of the lease obligations the rent is not paid as of 11th day of the calendar month. The defendants claim that the service of the federal termination notice the 10th of January 1994 was one day too early therefore depriving the court of subject matter jurisdiction.
The Notice to Quit under C.G.S. § 47a-23 to be valid must be unequivocal. If the notice to quit is equivocal the notice to quit is void and the court is deprived of subject matter jurisdiction.Sandrew v. Pequot Drug, Inc. 4 Conn. App. 627, 632 (1985); DanparAssociates v. Falkha, 37 Conn. Sup. 820, 824 (1981).
THE NOTICE TO QUIT IS EQUIVOCAL AND THUS VOID
The notice to quit contains the two said additional clauses which are not required by C.G.S. § 47a-23 (b)
The first additional clause is the reservation of use and occupancy language. The inclusion of the reservation of use and occupancy language in a notice to quit does not render the notice to quit unequivocal. Zitomer v. Palmer, 38 Conn. Sup. 341, 343 (1982). The inclusion of the reservation of use and occupancy language CT Page 4186-C approved by the Appellate Session of the Superior Court in 1982 inZitomer v. Palmer, places the notice to quit in jeopardy when it is used in a federal subsidized summary process action. The methods of properly including the reservation of use and occupancy language as authorized by Zitomer v. Palmer, in a federal termination notice case was discussed by this court in First Baptist Housing of Bridgeport,Inc. v. Boager, SPBR-412, page 12, February 21, 1995 (Tierney, J.). The plaintiff herein chose to use that particular language at its own peril. Housing Authority v. Hird, 3 Conn. App. 150, 155 (1988);Fairway Gardens, Inc. v. May, NH-538, October 25, 1990, (Vertefeuille, J.).
Plaintiff also included in the Notice to Quit the additional clause relating to the right to examine the tenant's file and the right to a grievance procedure in the notice to quit. This language was not in the federal termination notice. This examination language is required in a federal termination notice.24 C.F.R. § 966.4 (1)(3)(ii). Therefore the plaintiff has argued that the Notice to Quit examination clause complies with the federal regulations. This court has already ruled that the identical notice to quit issued in this case under the identical circumstances renders the notice to quit equivocal. Stratford Housing v. Walters, SNBR 418, March 29, 1995, (Tierney, J.). This notice is therefore equivocal.
Had the plaintiff used the reservation of use and occupancy language in a notice to quit after the expiration of the federal pretermination notice procedures including that of advising the tenant of its examination right, the notice to quit would not be equivocal.
THE FEDERAL TERMINATION NOTICE WAS ISSUED ONE DAY TOO EARLY
Federal law and regulations regarding federal pretermination notices do not determine when the lease will terminate. Therefore the federal termination notice has not preempted state law in that regard.Housing Authority of the City of New Britain v. Jones, H-897, May 25, 1989, (Doyle, J.). The defendants claim that their lease did not terminate until the statutory 9 day grace period expired. C.G.S.§ 47a-15a. The defendants had the entire day of January 10, 1994 to pay the rent without being in default.
The parties did not cite any case which has discussed whether or not the premature issuance of a federal termination notice prior to the expiration of the 9 day statutory stay under C.G.S. § 47a-15a
deprives the court of subject matter jurisdiction. There are numerous CT Page 4186-D cases indicating the issuance of a notice to quit during the 9 day grace period deprives the court of subject matter jurisdiction.Congress Street Associates v. Rolleston, H-742, April 4, 1986, (Goldstein, J.), Intertown Realty Company v. Reddick, H-935, January 10, 1991, (Berger, J.).
HUD regulations discuss state notices to quit as follows: "A notice to vacate which is required by State or local law may be combined with, or run concurrently with, a notice of lease termination under paragraph (1)(3)(i) of this section."24 C.F.R. § 966.4 (1)(3)(iii). "When the PHA is required to afford the tenant the opportunity for a hearing under the PHA grievance procedure for a grievance concerning the lease termination (see 966.51(a)(1)) the tenancy shall not terminate, (even if any notice to vacate under State or local law has expired), until the time for the tenant to request a grievance hearing has expired, and (if a hearing was timely requested by the tenant) the grievance process has been completed."24 C.F.R. § 966.4 (1)(3)(iv). This federal scheme closely tracks the recent addition to our summary process statute which states: "A termination notice required pursuant to federal law and regulations may be included in or combined with a notice required pursuant to this section and such inclusion or combination does not thereby render the notice required pursuant to this section equivocal, provided the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of completion of the pretermination process, whichever is later." C.G.S. § 47a-23 (e), P.A. 93-209, effective October 1, 1993.
It appears from examination of both state law and federal law and regulations that there was no attempt by federal law and regulations to impose a different standard on when the lease terminates as to the state grace period requirements. Federal regulations explicitly indicate that state law and local law must be utilized to determine when a notice to vacate will be required. It is clear in Connecticut that this lease is subject to the 9 day grace period of C.G.S. §47a-15a and that the tenant was not in default of rental payments until January 11, 1994.
According to state law the federal termination notice was commenced one day too early. The plaintiff was not within its rights to commence the termination and pretermination process until the defendant was in default of its lease. Borst v. Ruff, 137 Conn. 359,361 (1950). The failure of a tenant to pay rent does not automatically terminate the lease but gives the landlord the option CT Page 4186-E to terminate the lease by an unequivocal act. Tseka v. Scher,135 Conn. 400, 404 (1949). Thompson v. Coe, 96 Conn. 644, 651
(1921).
Although there are no cases directly on point the Supreme Court has given sufficient guide lines in Jefferson Gardens Associates v.Greene, supra 143. "It follows that, before a landlord may pursue its statutory remedy of summary process under § 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease." . . . "In order to demonstrate its compliance with the notices require for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitration eviction." JeffersonGardens Associates v. Greene, supra 143. Jefferson Gardens also stands for the rule that "strict construction does not, however, require ritualistic compliance with statutory or regulatory mandates" and further states that "not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process." The case concludes with the following rule. "When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Gardens Associates v. Greene, supra 145.
Although this court recognizes that a one day variance may not be a significant deprivation of the defendant's rights, it did deprive the defendants of their statutory right to make a payment of rent on January 10, 1994 without the necessity of being engaged in the grievance procedures mandated by the federal regulations. If the plaintiff's position were correct, the plaintiff then could commence the 14 day notice period on the second day of each month which would totally emasculate the grievance procedures and the purpose of the 9 day grace period. It appears to this court that it is a simple matter for the plaintiff to wait until the expiration of the 9 day grace period and then issue the federal termination notice. Upon the expiration of the prescribed federal notice period the plaintiff can then issue the Notice to Quit.
Therefore the court concludes that the issuance of the federal termination notice on January 10, 1995 is in violation of the federal regulations which states "The PHA shall give written notice of lease termination of: (A) 14 days in the case of failure to pay rent;" 24 CT Page 4186-FC.F.R. § 966.4(1)(3). On January 10, 1994 the lease had not terminated in accordance with state law and the defendant had not failed to pay rent because the defendant had the entire day of January 10, 1994 to pay.
The Motion to Dismiss is granted as to this ground.
THE FEDERAL TERMINATION NOTICE OF JANUARY 10, 1994 IS DEFICIENT AS ITFAILS TO PROVIDE FOR EXAMINATION OF PHA DOCUMENTS BY THE TENANT
"The notice of lease termination to the tenant shall state specific grounds for termination, and shall inform the tenant of the tenant's rights to make such reply as the tenant may wish. The notice shall also inform the tenant of the right (pursuant to § 944.4(m)) to examine PHA's documents directly relevant to the termination or eviction. When the PHA is required to afford the tenant the opportunity for grievance hearing, the notice shall also inform the tenant of the tenant's right to request a hearing in accordance with the PHA's, grievance procedure." 24 C.F.R. § 966.4 (1)(3)(ii).
The pretermination notice dated January 10, 1994 did not inform the tenant of her right to examine PHA documents directly relevant to the termination or eviction. The Notice to Quit served on February 17, 1994 did contain such a notification of a right to examine PHA documents directly relevant to the termination or eviction.
The plaintiff's claim that by utilizing the new statute, C.G.S.§ 47a-23 (e), the termination notice may be included in or combined with the state notice.
One of the purposes of the examination of documents rights for the tenant is give the tenant the opportunity to prepare for a grievance hearing. The federal termination notice does not terminate the lease and the tenant has the opportunity to cure. The service of the notice to quit actually terminates the lease. Housing Authorityv. Hird, supra 155. Borst v. Ruff, supra 361
This court has already concluded that the notice to quit is defective since it fails to comply with the unequivocal standards. Although not briefed by the parties the court notices that the pretermination notice did not contain the examination language. "The issue of subject matter jurisdiction may be raised at any time, even on appeal. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556-557 (1987). Subject matter jurisdiction may be raised by the Supreme Court and not by the parties: Kolenberg v.CT Page 4186-GBoard of Education, 206 Conn. 113, 122 (1988). It may raised by the Appellate Courts and not by the parties. Rich-Taubman Associatesv. Harwyn Stamford, Inc. 36 Conn. App. 365, 367 (1994) It may be raised by the trial court and not by the parties. Manley v.Pfeiffer, 176 Conn. 540, 545 (1979).
This identical notice to quit was ruled deficient for reasons that the federal termination notice did not contain the federally mandated notice of right to examine documents. The inclusion of that right in the notice to quit did not cure the defect. StratfordHousing Authority v. Walters, supra 11-12.
Therefore the federal termination notice regulations have not been complied with and the court is deprived of subject matter jurisdiction. Jefferson Gardens Associates v. Greene, supra 143.
For all three grounds stated in the opinion the Motion to Dismiss is hereby granted.
Notice to Quit is equivocal. An equivocal notice to quit fails to comply with the state statutory requirements of C.G.S. § 47a-23.Fairway Gardens v. May, supra 3. This notice to quit is equivocal in violation common law standards. Hartford Wheel Club v. Travelers Ins.Co., 78 Conn. 355, 358 (1905). Read v. Tuttle, 35 Conn. 25,26 (1868).
The Notice to Quit served on February 17, 1994 in this case is void by reason of both statutory requirements and common law requirements. Cohen v. Thorpe, 1991 Ct. Sup. 1210, 1217, 6 CSCR 231,3 Conn. L. Rptr. 692, SNBR-345, February 21, 1991 (Melville, J.).
BY THE COURT, KEVIN TIERNEY, JUDGE