THEODORE D. READ AND WIFE *vs.* PHILO B. TUTTLE.

A lease contained the following provision: "If said rent shall remain unpaid after the same shall become payable, the lease shall thereupon expire and terminate, and the lessor may, at any time thereafter, re-enter the premises and the same possess as of his former estate; and without such re-entry may recover possession in the manner provided by the statute relating to summary process; it being understood that no demand for the rent and re-entry for condition broken as at common law shall be necessary to enable the lessor to recover possession under said statute, but that all right to any such demand or re-entry is expressly waived by the lessee." Held—

1. That on the non-payment of rent when due and properly demanded the lease was voidable at the election of the lessor.
2. That though, to avoid the lease, the lessor need not make a formal re-entry, he must do some unequivocal act that would signify to the lessee his election to terminate the lease.
3. That the waiver of a demand and re-entry was limited to such demand and re-entry as were necessary for a recovery of the premises under the statute relating to summary process, and had no application to an action of ejectment.

The decision in *Bowman* v. *Foot*, 29 Conn., 331, approved.

EJECTMENT, tried in the Superior Court in New Haven county, on the general issue closed to the court, before *Phelps*,

*J.;* facts found and judgment rendered for the plaintiff and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Bronson,* in support of the motion.

*Wright,* contra.

PARK, J.   We do not decide whether there was a forfeiture of the lease in consequence of the non-payment of rent, for we think the case of *Bowman* v. *Foot*, 29 Conn., 331, determines the case in favor of the defendant, even if there was a forfeiture.   The lease in that case was in all essential particulars like the one in question.   It provided that in case the lessee should neglect to pay the rent when due, the lease should thereupon expire and terminate, and the lessor should have the right at any time thereafter to re-enter the premises, and the same have and possess as of his former estate.   The court held that on the non-payment of rent, when due and properly demanded, the lease was voidable at the election of the lessor, but that, in order to take advantage of the forfeiture, active measures were required of him; that while he need not make a formal re-entry upon the premises, he must do some unequivocal act, that would signify to the lessee in a decisive manner his election to terminate the lease.

This was not done in the case under consideration.   But it is said that the lease expressly waives all active duty on the part of the lessor in order to take advantage of the forfeiture, and we are referred to the last clause in the following paragraph of the lease in support of the claim: "The party of the first part may at any time thereafter re-enter said premises, and the same have and possess as of his former estate, and without such re-entry may recover possession thereof in manner prescribed by the statute relating to summary process; it being understood that no demand for the rent and no re-entry for condition broken as at common law, shall be necessary to enable the lessor to recover such possession pursuant to said statute relating to summary process, but that all right to any such demand or any such re-entry is hereby expressly waived

by the said party of the second part." The claim is that the last clause constitutes an independent covenant, and is not qualified by what next precedes it. But it is clear that it has reference to the context, and was an effort on the part of the draftsman to make what was there expressed more definite and certain. The waiver previously described is particularly limited to the action of summary process, and strange indeed would it be that, after thus making an intentional definite limitation, a general unlimited waiver should be inserted, applicable to all forms of action. The meaning of the clause can be clearly shown by transposing the parts of the sentence: "It being understood that no demand for the rent and no re-entry for condition broken as at common law, shall be necessary; but that all right to any such demand, or any such re-entry, is hereby expressly waived by the said party of the second part, to enable the lessor to recover such possession pursuant to said statute relating to summary process."

The waiver then is confined to the statutory mode of obtaining possession of the premises, and has no reference to the common law action of ejectment.

There is manifest error in the judgment complained of, and a new trial is advised.

In this opinion the other judges concurred.