[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a summary process eviction action seeking possession of a residential unit occupied by the defendants in Bridgeport, Connecticut. The defendants have filed a motion to dismiss claiming that the notice to quit is defective and deprives the court of subject matter jurisdiction in that the property address of the premises in question is in error in both the notice to quit and the complaint.
FACTS
CT Page 143-A
The plaintiff issued a notice to quit on November 14, 1994 addressed to the two defendants at 75 Ash Street, Third Floor, Bridgeport, Connecticut, requiring them to quit the premises at 75 Ash Street, Third Floor, Bridgeport, Connecticut on or before November 21, 1994. The return of service of the notice to quit indicates that abode service was made on the two named defendants by serving the premises at 75 Ash Street, Third Floor, Bridgeport, Connecticut.
The defendant Daniel Morelos a/k/a Daniela Morales has furnished an affidavit of facts in support of the motion to dismiss stating that they reside at the premises known as 77 Ash Street, Third Floor, Bridgeport, Connecticut. Attached to the affidavit is a medical card issued by the State of Connecticut indicating that the address of the defendant is 77 Ash Street, Bridgeport, Connecticut. Also attached to the affidavit is a money order payable to the plaintiff, landlord, referencing Daniela Morales with an address at 77 Ash Street, Third Floor, Bridgeport, Connecticut.
The premises in question consist of a multi family house CT Page 143-B which has two entrances at the front of the premises. One entrance is known as 75 Ash Street and serves three floors of the premises. The second entrance is located in the same building but to the right of the first entrance and serves three other apartments located on three floors known as 77 Ash Street, Bridgeport, Connecticut. Plaintiff claims that the legal description of the premises is 75 Ash Street, Bridgeport, Connecticut.
DISCUSSION OF THE LAW
A motion to dismiss shall be used to assert the lack of jurisdiction over the subject matter. Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 12 (1990). Jurisdiction over the subject matter cannot be waived or conferred by consent. Serrani v. Board of Ethics, 225 Conn. 305, 308
(1993). When deciding a motion to dismiss, the court's "inquiry usually does not extend to the merits of the case." SouthportManor Convalescent Center, Inc. v. Foley, supra, 16. "The motion to dismiss . . . admits all well pleaded facts . . . the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins,
CT Page 143-C191 Conn. 222, 227 (1993). Subject matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceedings in question belongs."Grant v. Bassman, 221 Conn. 465, 470 (1992). Every presumption favoring jurisdiction shall be indulged. Conn. Light Power Co.v. Castle, 179 Conn. 415, 421 (1980).
Summary process procedure is a creature of statute requiring that its language be narrowly construed and strictly followed.Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598, 600-601
(1953). Statutes are to be construed to give affect to the apparent intention of the law making body. Peck v. Jacquemin,196 Conn. 53, 63-65 (1985). A defective Notice to Quit deprives the court of subject matter jurisdiction. Rosato v. Keller, 5 CLT 325, p. 18; Windsor Properties, Inc. v. The Great Atlantic Pacific Tea Co., Inc., 35 Conn. Sup. 297, 301 (1979); Marrinan v.Hammer, 5 Conn. App. 101, 104 (1985). "As a condition precedent to a summary process action, a proper Notice to Quit is a jurisdictional necessity." Lampasona v. Jacobs, 209 Conn. 724,730 (1989).
"The Motion to Dismiss admits all facts which are well CT Page 143-D pleaded, invokes existing record and must be decided upon that alone." Young v. Chase, 18 Conn. App. 85, 95 (1989). "In evaluating the sufficiency of the plaintiff's complaint, we presume the validity of all of the allegations." Young v. Chase,
supra, 90. A motion to dismiss is permitted to take evidence outside of the record in considering the factual questions to be decided. Standard Tallow Corp. v. Jowdy, 190 Conn. 48 (1985).
A notice to quit must comply with the statutory requirements of General Statutes § 47a-23. Codified in 47a-23(b), the statute requires that the notice to quit "insert the address, including apartment number or other designation, as applicable." This requirement was added to the notice to quit by the legislature in P.A. 87-507. Prior to 1987 the apartment number was not necessary to be stated in the Notice to Quit, but if a plaintiff chose to make such a notation in the notice to quit, the plaintiff was required to make that notation correctly. Vogel v. Bacus,133 Conn. 95 (1946); DiMauro v. D'Atil, 6 CLT no. 3 (January 10, 1980).
CONCLUSIONS
CT Page 143-E
The notice to quit described the premises in question as 75 Ash Street, Third Floor, Bridgeport, Connecticut, and the service of the notice to quit took place at 75 Ash Street, Third Floor, Bridgeport, Connecticut. The evidence supplied to the court indicates that the actual premises are known as 77 Ash Street, Third Floor, Bridgeport, Connecticut; therefore, the court concludes that the exact apartment address was not included in the notice to quit.
The plaintiff argues that the premises consist of one building which is a multi family dwelling which contains two entrances. It further argues that the premises in question were rightly understood by the defendants. The plaintiff claims that the premises are alternatively described as 75 Ash Street, 77 Ash Street and 75-77 Ash Street. The plaintiff further argues that the defendants received actual notice of the notice to quit and, therefore, the court is not deprived of subject matter jurisdiction.
Similar arguments were raised in the case of Vogel v. Bacus,
CT Page 143-F supra, 96. In that case the notice to quit and the summary process complaint described the premises as 493 Main Street. The plaintiffs thereafter amended their complaint indicating that the lease described the premises at 487 Main Street and also indicated that the premises were also known as 489 and 493 Main Street. The defendant raised the issue that the premises for which possession was sought was not the same as mentioned in the lease and the complaint and was inconsistent with the notice to quit. The trial court in Vogel v. Bacus held that the variance in numbers was immaterial and entered a judgment for the landlords. Based upon the record before the court, the Supreme Court reversed and indicated that the record indicates that the premises in question described in the notice to quit of 493 Main Street was a distinct and separate premises from that occupied by the defendant; therefore, the notice to quit was invalid.
The Vogel v. Bacus court further discussed the issue as to whether or not actual notice by the tenants of the notice to quit waived by the defendant would have changed the result in that case. The Housing Session in Hartford had an opportunity to discuss that issue in Majestic Construction Co. v. Carlson, H-801 CT Page 143-G (December 31, 1986). In that case the premises were described as 108 West Street C-3, Rocky Hill, Connecticut. The notice to quit unfortunately stated "108 West Street C-8, Rocky Hill, Connecticut, in the Town of Bloomfield, County of Hartford and State of Connecticut." Judge Shaughnessy noted the discrepancy in the address and distinguished Vogel v. Bacus and found that inVogel the notice described property other than the correct premises. Judge Shaughnessy indicated that the defendants were adequately appraised of the substance of the notice and that the defendants had actual notice of the notice to quit. Furthermore, the court took judicial notice that 108 West Street C-3 was located in Rocky Hill Connecticut. The incorrect addition of the words "Town of Bloomfield, County of Hartford" was not so deficient so that a reasonable person in the defendant's position could possibly be confused by the missed description of the property.
Since Vogel v. Bacus was decided in 1946 and MajesticConstruction was decided in 1986, the Connecticut legislature changed General Statutes 47a-23 and made it mandatory that the address including the apartment number be included in the notice CT Page 143-H to quit. A misdescription in a notice to quit of Store No. 209, Stamford Town Center where a modification to the lease had indicated that the actual store number was 207 was held to deprive the court of subject matter jurisdiction by reason of a defective notice to quit. Rich Taubman Assoc. v. Hermans Sporting Goods,Inc., SNBR-339 (May 30, 1989) (Riefberg, J.). Judge Reifberg noted in his decision that the defendant tenant concedes that they received the notice to quit possession, that the notice to quit possession was for a premises separate and apart from the premises occupied by the defendant.
In Vogel v. Bacus and Stone Hill Apartments v. Martorelli,
No. SPH 7901-0007 (March 14, 1979), the court granted the motion to dismiss on the basis that the notice to quit was defective.
The facts clearly indicate that the premises in question one building but had two separate entrances, one of which is described as 75 Ash Street and the second is described as 77 Ash Street. The court concludes that each entrance is a separate premises; therefore, each third floor contains a separate apartment, one known as 75 Ash Street, Third Floor and the second CT Page 143-I known as 77 Ash Street, Third Floor.
The notice to quit is defective in that it fails to describe the premises in question and, therefore, deprives the court of subject matter jurisdiction. The motion to dismiss should be denied.
By failing to describe the exact premises in question, the notice to quit has failed to comply with the statutory requirements under General Statutes § 47a-23(b). The notice to quit, therefore, is procedurally defective by failing to comply with the statutory requirements and is void. Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574 (1988).
A notice to quit can also be defective for failure to comply with common law requirements. The first notice to quit statute was passed in 1806. Public Acts of 1806, p. 729. Lorchv. Page, 97 Conn. 66, 72 (1921). Prior to 1806 the termination of a tenancy was required to meet certain standards, common law standards. Camp v. Scott, 47 Conn. 366, 372 (1879); Ward v. Day,
4 Best Smith, 337, Blackburn, J. To satisfy common law CT Page 143-J requirements of a notice to quit, the notice must be served in a timely fashion, must contain a clear and unequivocal exercise of the plaintiff's right to terminate the lease to indicate that the landlord has acted decisively by exercising his right immediately after the passage of the necessary period of time in which the default has occurred and there is no ambiguity contained in the notice to quit. Hartford Wheel Club v. Travelers Ins. Co.,78 Conn. 355, 358 (1905); Read v. Tuttle, 35 Conn. 25, 26 (1868);Thompson v. Coe, 96 Conn. 644, 651 (1921); Camp v. Scott, supra 370. By failing to describe the actual premises and describing an entirely separate premises, the plaintiff's notice to quit has failed to comply with the common law requirements. Chalker v.Chalker, 1 Conn. 79, 92-93 (1814).
Therefore, the notice to quit in question fails to satisfy statutory requirements and fails to comply with common law requirements. The notice to quit, therefore, is void and of no further force and effect. For the foregoing reasons, the motion to dismiss is granted.
KEVIN TIERNEY, JUDGE CT Page 143-K