[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The Motion to Dismiss in this residential summary process action raises the unusual issue of one summary process action being supported by two separate notices to quit. The court concludes that the plaintiff may continue to maintain this lawsuit.
FACTS
The defendant is a tenant in a building owned by the plaintiff. Prior to August 1994 the parties entered into a lease for $600.00 per month. The defendant defaulted in the payment of rent for August of 1994. A notice to quit was served. A judgment entered in the resulting process action by a reason of a written stipulation dated October 4, 1994. The judgment provided that if the defendant made certain payments and abided by certain terms and conditions set forth in the October 4, 1994 stipulation, the defendant would be reinstated as a tenant in good standing on February 1, 1995. The use and occupancy was established at $600.00 per month for the period of the stipulation. The defendant apparently fulfilled the terms and conditions of the October 4, 1994 stipulation.
On January 30, 1995 the plaintiff sent the defendant a letter stating: "This is a reminder to you that the rent at the house which you are renting at 21 Dolsen Place will be $700.00 a month beginning on February 1, 1995." The letter concluded: "Please let me know if you wish to continue renting the house at 21 Dolsen Place."
The pleadings contained both the January 30th, 1995 letter and the October 4, 1994 stipulation. The pleadings do not contain any facts regarding whether or not the defendant accepted the January 30th, 1995 offer of $700.00 per month rent. The court in a motion to dismiss can only consider the pleadings and the documents of record. Young v.Chase, 18 Conn. App. 85, 90 (1989). A motion to dismiss admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227 (1983). There was no evidence taken on the motion to dismiss. Standard Tallow Corporation,v. Jowdy, 190 Conn. 48, 56 (1983).
On February 28, 1995 the plaintiff issued a notice to quit requiring the two named defendants to vacate by March 10, 1995. The reasons set forth in the notice to quit were: "Non payment of rent as to Milagro Gutierez and Mary Doe never had a right or privilege to occupy CT Page 5064 the premises." The defendants, Milagro Gutierez and Mary Doe did not vacate the premises.
On March 13, 1995 the plaintiff issued a second notice to quit requiring the two named defendants to vacate by March 21, 1995. The reasons set forth in the second notice to quit were, "Milagro Gutierez originally had a right or privilege to occupy the premises other than under a rental agreement or lease, but such right or privilege has terminated. Mary Doe never had a right or privilege to occupy premises."
Since the two defendants did not vacate the premises by March 21, 1995 the plaintiff instituted suit on March 22, 1995 in three counts. The first count is addressed to the defendant Milagro Gutierez, alleging that she "failed to pay the increased rent on February 1, 1995 and it remains unpaid to the date hereof." The second count is addressed to the defendant, Milagro Gutierez, alleging that "the defendant Milagro Gutierez originally had the right or privilege to occupy the premises other than under a rental agreement or lease but such right or privilege has terminated." The third count is addressed to the defendant, Mary Doe, alleging that, "the defendant Mary Doe has been and is now occupying the apartment located at 21 Dolsen Place, Stamford, Connecticut and never had a right or privilege to occupy the same."
The defendant, Milagro Gutierez, filed an appearance by counsel of record and filed a timely motion to dismiss on April 11, 1995. The motion states: "The second count is based upon a notice to quit served on March 13, 1995. That notice is equivocal and ineffective to terminate this tenancy as the plaintiff had served a prior notice to quit on February 28, 1995; which notice to quit was never withdrawn." The plaintiff pled both notices to quit and attached a copy of each notice to the complaint as required by Practice Book § 185.
"Whenever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of a notice required by statute, he shall either recite the same in his complaint or annex a copy thereto."Practice Book § 185. Federal Deposit Insurance Corporation v.Buono SNBR-413, February 21, 1995, (Tierney, J.). For the purposes of the motion to dismiss the court will consider that the first notice to quit was not withdrawn since the plaintiff pleaded the issuance of that first notice to quit and is relying on that first notice to quit to support the first and third counts.
The defendant cites in support a motion to dismiss, the prior notice to quit case of Bridgeport v. Barbour Daniels Electronics,16 Conn. App. 574, 584-585 (1988) as well as Housing Session cases in which CT Page 5065 notices to quit were determined to be equivocal by landlord's other communications, despite the fact that the notice to quit itself was unequivocal. No dual effective notice to quit case has been cited by the defendant.
The plaintiff does cite one dual notice to quit case which is inappropriate and inapposite to the facts of this case. Cianciolo v.Plano, 1 Conn. Cir. Ct. 206. There is no Housing Session case on dual notices to quit supporting one summary process action. The plaintiff seeks to support her position by claiming that the second count alleges sufficient information to evict a tenant whose occupancy was that of a tenant at sufferance. Lonergan v. Connecticut Food Store, Inc.,168 Conn. 122, 130 (1975). The plaintiff claims that the legal effect of the first notice to quit as to the defendant Milagro Gutierez, converted her status from a tenancy at will under a month to month lease to a tenancy at sufferance. Therefore the second notice to quit terminated the tenancy at sufferance as permitted by Connecticut General Statutes§ 47a-23(3).
DISCUSSION OF LAW
The failure to serve a proper notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724,728-729 (1989). As a condition precedent to the bringing of a summary process action an unequivocal notice to quit must be issued. O'Keefe v.Atlantic Refining Co., 132 Conn. 613, 622, (1946); Webb v. Ambler,125 Conn. 543, 551 (1939). A statutory requirement is that the notice to quit must be unequivocal. Connecticut General Statutes § 47a-23.
Failure of a notice to quit to meet the unequivocal standards renders the notice to quit void. Bridgeport v. Barbour Daniels Electronics,
supra 584-585. So too a notice to quit, although in compliance with certain statutory requirements, can be rendered void by being equivocal in accordance with common law standards. Read v. Tuttle, 35 Conn. 25,26 (1868). Thompson v. Coe, 96 Conn. 644, 651 (1921), Cohen v.Thorpe, 1991 Ct. Sup. 1210, 1213, February 21, 1991, (Melville, J.).
The defendant argues that there is a statutory violation and therefore the second notice to quit is void. Bridgeport v. BarbourDaniels Electronics, supra 584-585. The defendant also argues that the second notice to quit is also void by failing to meet common law unequivocal standards. Cohen v. Thorpe, supra 1213.
Neither Bridgeport v. Barbour Daniels Electronics, Inc., or Cohenv. Thorpe, nor any of the other notice to quit cases prevent the use of dual notices to quit to support a summary process action. No such CT Page 5066 prohibition is contained in the notice to quit statutes which have been effect in Connecticut in some form or another since 1806. Lorch v.Page, 97 Conn. 66, 72 (1921); Connecticut General Statutes §47a-23.
It is a common error for landlords to issue a second notice to quit without withdrawing the first notice to quit. "In view of the result in this case, it is safe to say that the lesson taught here is that a landlord whose is indecisive in taking advantage of his right to forfeit a short term lease for condition broken, may suffer even greater and costlier delays by instituting a subsequent action predicated on a second notice to quit based upon the same forfeiture. To avoid this pitfall, a landlord would be well advised to carefully consider the possible adverse consequences before issuing successive notices to quit based upon the same forfeiture." Cohen v. Thorpe, supra 1217. In the usual double notice to quit case, the landlord issues a notice to quit for non payment of rent and fails to furnish the five clear days as notice and therefore the notice to quit is statutorily defective.Pander v. French, 3 Conn. Cir. Ct. 385. The argument is that the notice to quit served in the first action although the action was withdrawn did have the effect of terminating the tenancy creating a tenancy at sufferance. Lonergan v. Connecticut Foods Stores, Inc., supra 130. The landlord then serves a second notice to quit also for non payment of rent. The second notice to quit is ineffective since the first notice to quit had the effect of terminating the tenancy. The first notice to quit converted the tenancy at will to a tenancy at sufferance. A tenant at sufferance has no obligation to pay rent. Rivera v. Santiago,4 Conn. App. 608, 610 (1985); Borst v. Ruff, 137 Conn. 359, 361 (1950). Since the tenant at sufferance has no obligation to pay rent and only can pay fair rental value in the form use and occupancy a notice to quit alleging non payment of rent is not a valid notice to quit. There is no basis in law for a notice to quit to be issued for non payment of use and occupancy. Connecticut General Statutes § 47a-23; BushnellDevelopment Corporation v. Fazzano, 38 Conn. Sup. 683, 685 (1983); Rosav. Cristina, 135 Conn. 364, 367 (1949). This argument is the standard argument but is not applicable to the facts of this case.
The plaintiff is claiming that the status of the parties was of a landlord tenant as of February 1, 1995. The plaintiff wished to receive $700.00 per month rent. There is nothing in the record showing that the tenant agreed to pay the increased $700/month rent. There may have been no meeting of the minds as to the amount of rent. Therefore there would be no contract of a landlord tenant relationship. Welk v. Bidwell,136 Conn. 603, 607 (1950). It may be that the plaintiff that cannot prevail on the non payment of rent in the first count as against Milagro CT Page 5067 Gutierez.
Both notices to quit as against Mary Doe state "never had a right or privilege." The legal effect of the first notice to quit terminated whatever tenancy that Mary Doe had. Since the basis of the notice to quit was "never had a right or privilege," there was no prior tenancy of Mary Doe to be terminated. The first notice to quit did not have the legal effect of terminating any tenancy and did not prevent the second notice to quit being issued for the same reason, "never had a right or privilege." Connecticut General Statutes § 47a-23(2). "When the language of a statutes is plain and unambiguous we need look no further than the words themselves because we assume that the language expresses the legislature's intent. Frilicci v. Westport, 231 Conn. 418, 420
(1994); Welk v. Bidwell, supra 607.
Although it would appear that the defendant, Milagro Gutierez, may not be successful on the first count it is possible that the plaintiff could proceed successfully on the first count as to the first notice to quit providing there was evidence that the parties agreed as to the increase rent of $700.00 per month. Welk v. Bidwell, supra 607.
As a graduate of the belts and suspenders school of law, the plaintiff issued the second notice to quit as against the defendant, Milagro Gutierez. The second count utilized the second notice to quit on the basis that Milagro Gutierez originally had the right or privilege to occupy the premises other than under a rental agreement or lease but such right or privilege has terminated. Connecticut General Statutes§ 47a-23(3). The plaintiff claims that the first notice to quit terminated any tenancy at will that the defendant may have had and converted that tenancy to a tenancy at sufferance. The plaintiff may very well be successful in proceeding on the second count because a tenancy at sufferance may very well be not be "rental agreement or lease." Connecticut General Statutes § 47a-23(3). The court does not have to reach that issue to decide the motion to dismiss.
The plaintiff is using the second notice to quit to solidify her claim that the defendant, Milagro Gutierez, is tenant at sufferance.Longergan v. Connecticut Food Stores, Inc., supra 130. Thus the plaintiff claims the second notice to quit did not contradict the first notice to quit.
The plaintiff cites a number of cases in support of her Motion to Dismiss. The court finds that the citations refer cases involving two separate causes of action or additional documents supplied by the landlord after service of the notice to quit. None of these cases are CT Page 5068 irrelevant to this dual notice to quit case.
The plaintiff is entitled to plead her lawsuit in the manner that she wishes. She is entitled to plead in the alternative including alternative reasons in a notice to quit. Harrison v. Milling, H-537, April 6, 1984, Karathanasapolous v. Omni Building Assoc., H-934, December 13, 1990, (Berger, J.); Norwalk Mall Venture v. Mijo,11 Conn. App. 360, 368 (1987); Practice Book § 137, SeventeenHigh Street L.L.C. v. Shoff Darby Insurance Company, SNBR-423, April 21, 1995, (Tierney, J.).
Under the facts of this case the issuance of the second notice to quit does not render the first notice to quit equivocal. Both reasons contained in the second notice to quit are statutory reasons authorized under Connecticut General Statutes § 47a-23. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory, or arbitrary eviction." Jefferson GardensAssociates v. Greene, 202 Conn. 128, 143 (1987). Both notices to quit in this case are not equivocal and comply with Connecticut law. HartfordWheel v. Travelers Insurance Co., 78 Conn. 355, 358 (1905); Readv. Tuttle, supra 26. Bowman v. Foote, 29 Conn. 331, 339 (1860).
The Motion to Dismiss is denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE