[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This case involves the issuance of multiple notices to quit. This motion to dismiss filed by the tenant in a residential summary process action claims that the second notice CT Page 5198 to quit alleging non payment of rest and failure to pay the security deposit is defective. The first notice to quit, alleging the same two reasons, was issued a few hours after the landlord accepted tenant's tender of rent for the prior month.
FACTS
The parties entered into a written lease for an apartment in Bridgeport for a period of one year from October 1, 1995 to September 30, 1996 at the monthly rent of $455.00 payable on the first day of each month. According to paragraph 4 of the written lease the tenant was to pay a security deposit of $455.00 upon the execution of the lease. On March 1, 1996 the tenant failed to pay the $455.00 rent as well as the balance of the security deposit. The landlord prepared a notice to quit alleging "non payment of rent and balance of security in the amount of $255.00". The notice to quit, dated March 25, 1996, was furnished to the sheriff for service by the landlord. Prior to the service of the notice to quit the tenant tendered to the landlord the sum of $455.00 by a check dated March 25, 1996. The tender was accepted and the check cleared. After the acceptance of the check by the landlord the sheriff served the notice to quit, the landlord having not notified the sheriff of the acceptance of the rent. The first notice to quit required a quit date of April 1, 1996.
The defendant did not pay any further monies to the landlord. On April 15, 1996 the landlord served the tenant a second notice to quit requiring a quit date of April 22, 1996 alleging as the following reasons "non payment of rent" and "balance of security in the amount of $255.00." The tenant failed to vacate and this summary process action was commenced. The defendant filed a motion to dismiss alleging that the April 15, 1996 notice to quit was void and of no legal effect since the issuance of the first notice to quit terminated the tenancy and converted the tenancy into a tenancy at sufferance. The defendant claimed that in a tenancy at sufferance no payment of rent is required, only payment of use of occupancy, and there can be no eviction for non payment of use and occupancy.
The court conducted an evidentiary hearing in which the lease and the two notices to quit along with the March 25, 1996 check for $455.00 were offered as exhibits. The court found that at no time after the service of the first notice to quit did the landlord serve or furnish the tenant in writing CT Page 5199 reinstating the tenancy. The tenant denied any conversations between the landlord and the tenant between the dates of the services of both notices to quit; i.e. March 25, 1996 through April 15, 1996. The landlord testified that she asked the defendant during that period of time if she would have difficulty in paying the April rent. The landlord testified the tenant said she would have problems.
DISCUSSION OF LAW
A proper statutory notice to quit possession of leased premises is a condition precedent to the bringing of summary process action by the lessor. O'Keefe v. Atlantic RefiningCompany, 132 Conn. 613, 622 (1946). A defective notice to quit deprives the court of subject matter jurisdiction. Lampasona v.Jacobs, 209 Conn. 724, 728 (1989). A motion to dismiss shall be used to assert the lack of jurisdiction over the subject matter.Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11,12 (1990). The court shall consider the only the record in deciding a motion to dismiss and is allowed to take evidence and testimony. Standard Tallow Corporation v. Jowdy, 190 Conn. 48,56 (1983).
A breach of a covenant to pay rent does not automatically result in the termination of the lease. Rosa v. Cristina,135 Conn. 364, 366 (1949). The failure to pay rent gives the landlord a right to terminate the lease and in order to terminate a lease a landlord must perform some definite unequivocal act which clearly demonstrates his intent to terminate the lease. Chapel-High Corporation v. Cavallaro,141 Conn. 407, 411 (1954). Service of a statutory notice to quit is such an unequivocal act. Sandrew v. Pequot Drug. Inc., 4 Conn. 627,631 (1985); Connecticut General Statutes § 47a-23 (a);Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. 683,686 (1983).
"Upon service of the notice of quit for nonpayment of rent, both parties may regard the tenancy as having been terminated, with the resulting change in the obligation to pay rent. . . . The tenant need not make a legal determination regarding the validity of the notice in order to know that rent is no longer due. Instead, the tenant may focus upon defending against a summary process action, if any is instituted, knowing that it will be liable in the interim for use and occupancy payments only." Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, CT Page 5200 590 (1988); (Borden, J. dissenting); Lonergan v.Connecticut Food Stores, 168 Conn. 122, 131 (1975); Rivera v.Santiago, 4 Conn. App. 608, 610 (1985). A tenant at sufferance is no longer obligated to pay rent but is obligated to pay reasonable use and occupancy. There is no statutory right of action to evict a tenant for non payment of use and occupancy.Rosa v. Cristina, supra 366; Lonergan v. Connecticut FoodStores, Inc., supra 131. A tenant at sufferance is excused from a duty to pay the stipulated rent under the lease, but has the obligation to pay a reasonable rental value for the use and occupancy of the dwelling unit. Lonergan v. Connecticut FoodStore, Inc., supra 131.
It has been held that a notice to quit that fails to comply with the statutory requirements is void and of no further legal effect for the purpose of supporting a summary process action.Bridgeport v. Barbour-Daniel Electronics, Inc., supra 582. InBridgeport v. Barbour-Daniel the first notice to quit was determined to be a nullity on the basis that its May 1, 1986 service did not comply with the requirement that it be served in the same month in which it was issued. Bridgeport v. Barbour-DanielElectronics, Inc., supra 577. The court went on to hold "we conclude that the first notice to quit was invalid for all purposes, including the termination of the month to month tenancy". Bridgeport v. Barbour-Daniel Electronics, Inc., supra 584.
More recent Housing Session cases have discussed the second notice to quit issue and more clearly distinguished between a defective notice to quit for failure to comply with statutory requirements and a defective notice to quit for failure to comply with common law requirements. Cohen v. Thorpe,1991 Ct. Sup. 1210, 5 CSCR 483, SNBR-380, February 21, 1991, (Melville, J.) clearly delineated the two types of defects; statutory and common law. This court is of the opinion that Cohen v. Thorpe
is the proper authority in multiple notice to quit cases.
Cohen v. Thorpe raised the issue "of whether a notice to quit which on its face unequivocally exercises the landlord's option to terminate a lease may serve to terminate that lease where due to procedural or statutory defects that same notice could not support a summary process proceeding." Cohen v.Thorpe, supra 1211. Judge Melville answered that question in the affirmative. He held that under common law the non payment or other violation of a lease did not terminate the lease CT Page 5201 automatically upon that happening of that event. The happening of that event merely gave the landlord a right to terminate the lease at his option. Hartford Wheel Club v. Travelers InsuranceCo., 78 Conn. 355, 358 (1905). Cohen v. Thorpe sets forth the common law requirements of a notice to quit in addition to the statutory requirements. Bowman v. Foot, 29 Conn. 331, 339
(1860). Judge Melville noted that the current summary process statutory cause of action was created in 1806 and therefore these cases, although more than 100 years old, are viable in the State of Connecticut. Read v. Tuttle, 35 Conn. 25, 26 (1868).Cohen v. Thorpe found that the common law requirements for a issuance of a notice to quit are "an affirmative, decisive and unequivocal declaration of termination." Bowman v. Foot, supra 339; Read v. Tuttle, supra 26, Cohen v. Thorpe, supra 1214. "Therefore, the conclusion is inescapable that a lease may be properly terminated irrespective of compliance with the statutory requirements of our summary process laws so long as the essentials of the common law standard are complied with."Cohen v. Thorpe, supra 1214.
The acceptance of rent after the service of the notice to quit voids the termination effect of the notice to quit.Zitomer v. Palmer, 38 Conn. Sup. 341, 343-344 (1982). To solve that problem landlords commonly insert reservation of use and occupancy language indicating that the acceptance of a payment after the service of the notice to quit will be accepted only as use and occupancy with the landlord reserving the right to continue on with the summary process action. O P Realty v.Santana, 17 Conn. App. 314, 318-319 (1989); Zitomer v. Palmer,
supra 343. Both notices to quit in this case contained such reservation of use and occupancy language.
Had the first notice to quit contained no such language, the tender and acceptance of the $455.00 after the service of the notice to quit would have voided the first notice to quit. The later acceptance of the rent would have terminated the notice to quit on both statutory and common law grounds. The case could have proceeded on the second notice to quit.
This case though raises the issue of what is the legal effect of the acceptance of the unpaid rent a few hours before the service of a notice to quit. The issuance of the notice to quit is not the date of signing but the actual service by the sheriff and/or indifferent person. Thompson v. Coe, 96 Conn. 644,651 (1921). A tender of rent before the declaration of the CT Page 5202 forfeiture, e.g., service of a notice to quit even after any grace period, prevents completion of the forfeiture of the lease and precludes eviction based on nonpayment of rent. SimsburyTurnpike Realty Co. v. Great Atlantic Pacific Tea, Company,39 Conn. Sup. 367, 370 (1983); Mayron's Bake Shop v. Arrow StoresInc., 149 Conn. 156 (1961). An acceptance of a tender of rent after the service of the notice to quit waives any default and renews the tenancy. Tuttle v. Martin, 32 Conn. Sup. 297, 299
(1975); Borst v. Ruff, 137 Conn. 359, 361 (1950); Hartford WheelClub v. Travelers Insurance, Co., supra 359.
Although the lease contains the obligation to pay $455.00 as security deposit, that payment is not a rent obligation. A summary process action being in derogation of common law must be strictly construed. Southland Corporation v. Vernon, 1 Conn. App. 439,452 (1984). The failure to comply with the statutory requirements deprives the court of jurisdiction to hear the summary process action. O'Keefe v. Atlantic Refining Company,
supra 622. There is no eviction for non payment of use and occupancy. Rosa v. Cristina, supra 366. So too nonpayment of a security deposit is not nonpayment of rent but merely the violation of terms and conditions of the lease. ConnecticutGeneral Statutes § 47a-23 (a); Connecticut General Statutes §47a-21. A tenant who does not pay a lease required security deposit may be evicted for violation of terms and conditions of the lease. Connecticut General Statutes § 47a-23 (a)(1)(c). For such a action to be filed it is necessary that a Kapa notice be issued in accordance with Connecticut General Statutes § 47a-15;Kapa Associates v. Flores 35 Conn. Sup. 274, 280 (1979). A failure to serve a Kapa notice prevents the landlord from proceeding with a summary process action by reason of a lease violation such as nonpayment of a security deposit. It deprives the court of subject matter jurisdiction. Jefferson GardenAssociates v. Greene, 202 Conn. 128, 145 (1987); HousingAuthority v. Harris, 225 Conn. 600, 609 (1993). There is no evidence in this case that such a Kapa notice was served concerning the tenants failure to pay the full $455.00 security deposit.
CONCLUSION OF LAW
The first notice to quit served on March 25, 1996 cannot support a valid summary process action. Cohen v. Thorpe is the appropriate law in this case. The first notice to quit is void for two reasons; (1) non payment of rent for the month of March CT Page 5203 of 1995 was the first reason in the notice to quit and the acceptance prior to the issuance of notice of quit of the $455.00 rent by the landlord terminated the legal effect, if any, of the notice to quit and renders the notice to quit void; (2) nonpayment of the security deposit is not a valid statutory reason for eviction and there are no allegations in the complaint of a prior Kapa notice. Connecticut General Statutes§ 47a-15. The court concludes that the first notice to quit is a nullity for failure to comply with statutory procedures.
The language of the first notice to quit though is affirmative, clear and direct. The notice cites the specific section of the lease as to the security deposit requirement indicating that the security deposit has not been paid. Although the notice to quit is not sufficient to support a statutory action by reason of its failure to provide a Kapa notice, a clear, direct, timely and unequivocal notice to the tenant that the tenant has violated the terms and conditions of paragraph 4 of the lease; to wit, failing to pay the $455.00 security deposit in full, has been issued. As such the first notice to quit meets common law requirements and is a valid notice to quit effective to terminate the lease even though it is insufficient to support the statutory summary process action.Cohen v. Thorpe, supra 1214.
The second notice to quit for non payment of rent is therefore void. The first notice to quit, satisfactory to meet common law requirements, terminates the tenancy and creates a tenancy at sufferance as of its service on March 25, 1995. There was no unequivocal reinstatement of the tenancy after the service of the notice to quit on March 25, 1995. The relationship of the parties just prior to the service of the second notice to quit on April 15, 1995 was a tenancy at sufferance. Lonergan v. Connecticut Food Stores, supra 131. There can be no eviction for non payment of use and occupancy and a tenant at sufferance is only obligated to pay use and occupancy and not rent. Welk v. Bidwell, supra 609-610; Rosa v.Cristina, supra 366.
The April 15, 1996 notice to quit is also defective when it seeks an eviction on the basis of non payment of the security deposit due to the failure to furnish a Kapa notice.Connecticut General Statutes § 47a-15. The second notice to quit is therefore defective. CT Page 5204
 "In view of the result in this case, it is safe to say that the lesson taught here is that a landlord who is indecisive in taking advantage of his right to forfeit a short term lease for condition broken, may suffer even greater and costlier delays by instituting a subsequent action predicated on a second notice to quit based on the same forfeiture. To avoid this pitfall, a landlord would be well advised to carefully consider the possible adverse consequences before issuing successive notices to quit based upon the same forfeiture." Cohen v. Thorpe, supra 1217.
In this case the landlord did not serve a separate notification of reinstatement by either a sheriff or indifferent person. The landlord did not send a letter to the tenant after the service of the first notice to quit prior to the service of the second notice to quit reinstating the tenancy. No such notice was furnished by the landlord or the landlord's agent, directly or indirectly, in writing to the tenant containing such notification. The tenant's testimony that there was no conversation between the landlord and tenant between March 25 and April 15, 1996 is found by this court to be credible. Even if believed, the landlord's asking the tenant "if she would have a difficult time paying the April rent" to which the defendant responded "I would have problems," is hardly a unequivocal act of a landlord reinstating a tenancy. The unequivocal act could take place either by serving a notice, furnishing a letter or by some other unequivocal act such as acceptance of a rent check tendered after the service of the unequivocal act terminating the rent.
Under the unusual and unique set of facts in this case the first notice to quit is invalid for statutory reasons and insufficient to support a summary process action. It is valid for common law purposes. The validity of the first notice to quit therefore prevented the validity of the second notice to quit for non payment of rent. The second notice to quit also failed to comply with Kapa notice requirements as to the non payment of the security deposit. The second notice to quit was void. The court is denied subject matter jurisdiction and the motion to dismiss is hereby granted. Lombardi v. Dunning,
SNBR-435, July 31, 1995 (Tierney, J.);Weiss v. Gutierez, SNBR-428, May 22, 1955 (Tierney, J.) CT Page 5204-A
BY THE COURT, KEVIN TIERNEY, JUDGE